**Lisa GABOURY, Appellant**

v.

**Christopher GABOURY, Appellee.**

Superior Court of Pennsylvania.

Argued April 23, 2009.

Filed Dec. 23, 2009.

---

Andrew D. Glasgow, Pittsburgh, for appellant.

Brian C. Vertz, Pittsburgh, for appellee.

BEFORE: BOWES, DONOHUE and POPOVICH, JJ.

OPINION BY BOWES, J.:

¶ 1 Lisa Gaboury ("Wife") appeals from the August 29, 2008 order granting her divorce from Christopher Gaboury ("Husband"). On June 3, 2008, the trial court dismissed all economic claims against Husband, determining that it had jurisdiction to dissolve the parties' marriage but lacked the necessary personal jurisdiction over Husband to adjudicate related economic claims. For the following reasons, we affirm.

¶ 2 Husband and Wife met on an Internet site while Husband was living in Texas, and Wife was living in Canada. In April 2004, the parties moved from their respective locations to Pennsylvania and married a year later on April 21, 2005, in Lancaster, Pennsylvania. They resided in Pennsylvania in rental housing until Husband's job transfer in December 2006, when they relocated to Wisconsin and lived in a rented apartment. N.T., 6/12/08, at 2. The couple separated, and Wife moved to Beaver County, Pennsylvania, in August 2007. Husband remained in the marital residence in Wisconsin. Plaintiff's Answer and New Matter to Defendant's Objections to Complaint in Divorce, 4/28/08, ¶ 9, 17–21.

¶ 3 Wife filed a divorce complaint in Pennsylvania on March 12, 2008, alleging an irretrievable breakdown of the marriage pursuant to 23 Pa.C.S. § 3301(c). In

her complaint, Wife set forth economic claims for equitable distribution, counsel fees, expenses, spousal support, alimony *pendente lite*, alimony, and permanent alimony. On April 9, 2008, Husband filed preliminary objections[1] challenging the court's personal jurisdiction over him. Wife filed an answer and new matter on April 28, 2008. Following a hearing on May 19, 2008, the trial court concluded that it had jurisdiction to dissolve the bonds of matrimony, but it did not have the requisite personal jurisdiction over Husband to decide any economic claims. Thus, it entered an order on June 3, 2008, granting Husband's preliminary objections, in part, and dismissing counts two through five of the divorce complaint. On June 12, 2008, the trial court denied Wife's motion for reconsideration. The trial court subsequently granted the divorce decree on August 29, 2008, and this appeal followed.[2]

¶ 4 On appeal, Wife avers that the trial court erred in granting Husband's preliminary objections and dismissing counts two through five of her complaint, and in so doing, misapplied and misapprehended the law. Wife's brief at 5. Our standard of review in an appeal from an order granting preliminary objections challenging the exercise of *in personam* jurisdiction is as follows:

> When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt.... Moreover, when deciding a motion to dismiss for lack of

personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party.

*Nutrition Mgmt. Servs. Co. v. Hinchcliff,* 926 A.2d 531, 535 (Pa.Super.2007); *see also Milam v. Milam,* 450 Pa.Super. 597, 677 A.2d 1207 (1996) (same). "[T]his Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion." *Rambo v. Greene,* 906 A.2d 1232, 1235 (Pa.Super.2006). "Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it." *Barr v. Barr,* 749 A.2d 992, 994 (Pa.Super.2000) (citing *Scoggins v. Scoggins,* 382 Pa.Super. 507, 555 A.2d 1314, 1317 (1989)). Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

¶ 5 Our Divorce Code requires a six-month residency period in order to maintain an action for divorce, and domiciliary intent is inferred from the residency. 23 Pa.C.S. § 3104(b); *see also Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483, 486-87 (1974) ("The jurisdiction of a state to enter a divorce decree is dependent solely upon the domicile of one spouse."). Instantly, since Wife moved to Pennsylvania seven months before initiating divorce proceedings, she satisfied the residency requirement and was able to obtain a divorce in this Commonwealth. In order to resolve the parties' ancillary economic

---

1. In his preliminary objections, Husband also asserted a lack of subject matter jurisdiction over the economic claims in the complaint; that issue is not raised on appeal.

2. "Orders of property distribution are not appealable until entry of a final divorce Decree...." *Busse v. Busse,* 921 A.2d 1248,

1253 n. 2 (Pa.Super.2007). Moreover, an order dismissing a complaint for lack of personal jurisdiction is final and appealable. *Scoggins v. Scoggins,* 382 Pa.Super. 507, 555 A.2d 1314, 1317 n. 3 (1989) (citing *Bergere v. Bergere,* 364 Pa.Super. 100, 527 A.2d 171 (1987)).

claims, however, the trial court required personal jurisdiction over Husband. *See Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (economic claims that may be joined pursuant to authority of Divorce Code require *in personam* jurisdiction).

¶ 6 In declining to find the existence of personal jurisdiction over Husband, the trial court explained:

The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts. A valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff,* 95 U.S. 714 [24 L.Ed. 565] (1898) [ (1877) ]. Due process requires that in order to subject a defendant to a judgment *in personam,* if he is not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95] (1945).

There were no children born of this marriage, and any marital property if it exists, is located in Wisconsin. The parties have acquired no real estate during the term of the marriage, in either Pennsylvania or Wisconsin. Unilateral conduct of the Plaintiff/Wife by moving to Pennsylvania cannot satisfy the requirement of sufficient contact with Pennsylvania for this Court to have personal jurisdiction over the Defendant. This Court believes that the Defendant of his own volition must do a purposeful act that provides the minimum contact necessary for personal jurisdiction. *Kulko v. Superior Court of California In and For the City and County of San Francisco,* 436 U.S. 84 [98 S.Ct. 1690, 56 L.Ed.2d 132] (1978) and *Hanson v. Deckla [Denckla ],* 357 U.S. 235 [78 S.Ct. 1228, 2 L.Ed.2d 1283] (1958).

Trial Court Opinion, 6/3/08, at unnumbered 2–3.

¶ 7 The result herein, the court's grant of a party's request for dissolution of a marriage and the concomitant dismissal of economic claims, effected a "divisible divorce." In *Estin v. Estin,* 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), the United States Supreme Court held that a foreign divorce decree, although entitled to full faith and credit regarding the divorce itself, is not necessarily dispositive of the economic aspects of the divorce. Where a foreign decree has failed to address the economic aspects of the divorce, the divorce is "divisible," leaving such questions open for determination in other jurisdictions. The "divisible divorce" concept is recognized in Pennsylvania. *Wagner v. Wagner,* 564 Pa. 448, 768 A.2d 1112 (2001); *Milam v. Milam, supra; Scoggins v. Scoggins, supra; Stambaugh v. Stambaugh, supra.*

¶ 8 As the *Estin* Court explained, "The requirements of procedural due process [are] satisfied and the domicile" of one party in the forum state is the "foundation for a decree effecting a change in the marital capacity of both parties in all the other States of the Union...." *Estin v. Estin, supra* at 544, 68 S.Ct. 1213. That same court, however, lacks jurisdiction to address issues of alimony and equitable distribution if it does not possess personal jurisdiction over the defendant. WILDER, PENNSYLVANIA FAMILY LAW PRACTICE AND PROCEDURE, § 19:3 (7TH ED. 2008); *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957). In such a case, the inability of the court to address ancillary economic claims results in a divisible divorce.

¶ 9 Although concluding that it had subject matter jurisdiction to enter a divorce decree, the trial court herein determined that it could not resolve the economic claims due to a lack of personal jurisdiction over Husband. The court could have acquired *in personam* jurisdiction over Husband if he had been present in Pennsylvania at the time process was served, 42 Pa.C.S. § 5301(a)(1)(i), if he was a domiciliary of Pennsylvania at the time process was served, 42 Pa.C.S. § 5301(a)(1)(ii), if he had consented to personal jurisdiction, 42 Pa.C.S. § 5301(a)(1)(iii), or if there existed sufficient minimum contacts with Pennsylvania to support the exercise of *in personam* jurisdiction by extraterritorial service. 42 Pa.C.S. § 5322.[3]

¶ 10 While personal jurisdiction over non-resident defendants may be conferred by 42 Pa.C.S. § 5322, the Pennsylvania Long–Arm Statute,[4] certain conditions must be met:

> The Pennsylvania Long–Arm Statute, 42 Pa.C.S. § 5322, is basically divided into two sections. Section (a) contains ten subsections, which specify particular types of contact with Pennsylvania which will be deemed sufficient to warrant the exercise of long-arm personal jurisdiction. Section (b) is a catchall provision which authorizes the exercise of personal jurisdiction over persons who do not come within one of the express provisions of the ten subsections of section (a) so long as the minimum requisites of federal constitutional law are met.

*Scoggins v. Scoggins, supra* at 1318. Thus, "A court may assert *in personam* jurisdiction over a non-resident, provided

---

**3.** 42 Pa.C.S. § 5322 provides, in pertinent part:

> a) **General rule.**—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:
> (1) Transacting any business in this Commonwealth....
>
> ....
>
> (2) Contracting to supply services or things in this Commonwealth.
> (3) Causing harm or tortious injury by an act or omission in this Commonwealth.
> (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.
> (5) Having an interest in, using, or possessing real property in this Commonwealth.
> (6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.
>
> ....
>
> (7) Accepting election or appointment or exercising powers under the authority of this Commonwealth....
>
> ....
>
> (8) Executing any bond of any of the persons specified in paragraph (7).
> (9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.
> (10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.
> (b) **Exercise of full constitutional power over nonresidents.**—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**4.** The long-arm statute specific to support matters, 23 Pa.C.S. § 7201, is not applicable here. We note that a June 12, 2008 order of the trial court was corrected on August 29, 2008, to permit Wife's support action to proceed through the Uniform Interstate Family Support Act.

that jurisdiction is conferred by the state long-arm statute and exercise of jurisdiction pursuant to that statute meets constitutional standards of due process." WILDER, PENNSYLVANIA FAMILY LAW PRACTICE AND PROCEDURE, *supra* at § 11.4 (footnote omitted). Long-arm jurisdiction over nonresidents in divorce actions thus is limited by the due process requirements of the Fourteenth Amendment to the United States Constitution, which demand that the forum state have both personal jurisdiction over the defendant as well as subject matter jurisdiction. 42 Pa.C.S. § 5322; *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

> The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. *See Shaffer v. Heitner*, 433 U.S. 186, 198–200, 97 S.Ct. 2569, 2577, 53 L.Ed.2d 683 (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. 714, 732–733, 24 L.Ed. 565, 572 (1878) [ (1877) ]; *International Shoe Co. v. Washington*, 326 U.S., at 316, 66 S.Ct., at 158. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313–314, 70 S.Ct. 652, 656–657, 94 L.Ed. 865 (1950), and a sufficient

connection between the defendant and the forum State to make it fair to require defense of the action in the forum. *Milliken v. Meyer*, 311 U.S. 457, 463–464, 61 S.Ct. 339, 342–343, 85 L.Ed. 278 (1940).

*Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

¶ 11 In the case *sub judice*, Husband asserted that he did not come within any of the ten subsections of 42 Pa.C.S. § 5322(a). As to section 5322(b), he contended that his connection with Pennsylvania was "too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon him the burden and inconvenience" of defending the action in Pennsylvania. *Kulko, supra* at 91, 98 S.Ct. 1690. The trial court agreed, noting that Husband did not reside in Pennsylvania, he did not work in Pennsylvania, and the last marital domicile was Wisconsin.

¶ 12 Wife makes no argument regarding the applicability of 42 Pa.C.S. § 5322(a).[5] Rather, she contends that Husband's actions in Pennsylvania prior to Wife's filing for divorce satisfy the minimum contacts requirement of 42 Pa.C.S. § 5322(b). N.T., 5/19/08, at 12. In support, she emphasizes that the parties were married in Pennsylvania, they resided here for two years and eight months before relocating to Wisconsin, where they lived for six months before separating, and that prior to moving to Wisconsin, Husband had worked in Pennsylvania. *Id.* at 11. Wife alternatively contends that 23 Pa.C.S.

---

5. At any rate, we have previously stated that "each of the ten subsections of § 5322(a) are wholly subsumed within the catchall provision of § 5322(b)." Consequently, "the only appropriate focus ... is whether the minimum requisites of due process have been met," for if they have not, "the various sub-sections of § 5322(a) cannot statutorily authorize an unconstitutional exercise of *in personam* jurisdiction." If they have been met, "any analysis of the subsections of § 5322(a) would be superfluous." *Scoggins v. Scoggins, supra* at 1319.

§ 3104(a)[6] provides the trial court with personal jurisdiction over Husband in all matters, including the economic claims. *Id.* at 9. Wife relies upon this Court's application of 23 Pa.C.S. § 3104 in *Annechino v. Joire,* 946 A.2d 121 (Pa.Super.2008), and based upon that case, avers that Pennsylvania had jurisdiction herein to determine the property rights and interests of the parties.

¶ 13 In asserting application of *Annechino,* Wife suggests that "if the court has jurisdiction over a divorce, it has jurisdiction over the economic issues," maintaining it "would be very odd for a Pennsylvania court to be able to decide a divorce, but not be able to divide the parties' marital property...." Wife's brief at 10. Odd or not, that is exactly the outcome in a divisible divorce.

¶ 14 Wife confuses the concepts of subject matter and personal jurisdiction. *Annechino* concerned the court's **subject matter jurisdiction** over an action to enforce a marital settlement agreement. In *Annechino,* the parties entered into a marital property settlement agreement prior to the entry of a divorce decree and did not incorporate or merge that agreement into the final divorce decree. The appellant wife argued that since the agreement was not incorporated and the pleadings did not include a count for equitable distribution, the trial court did not have the authority to enforce the agreement. She asserted that the appellee husband's only remedy was a separate civil action in equity. We rejected the wife's claim and held that the trial court had authority to enforce the agreement under the Divorce Code. We specifically noted therein that personal jurisdiction over the parties had already been established and was not an issue. *Annechino* is irrelevant to the instant case.

¶ 15 As to Wife's contention that the record reveals the requisite minimum contacts to establish personal jurisdiction over Husband, we do not agree. Husband was not served in Pennsylvania, he has not consented to the jurisdiction of the court, and the requisite minimum contacts under the long-arm statute do not exist. The purpose of the minimum-contacts test is to protect a defendant from having to litigate a matter in a distant forum unless his contacts with that forum "make it just to force him to defend there." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 807, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). The standard of minimum contacts, set out by Pennsylvania's long-arm statute, is reasonableness. *See Carney v. Dahlmann,* 425 Pa.Super. 163, 624 A.2d 197 (1993). This Court has stated:

> This test of "minimum contacts" announced in *International Shoe Co. v. Washington,* [326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ] *supra,* is not susceptible of mechanical application; rather the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. *Kulko*

---

**6.**   23 Pa.C.S. § 3104(a) states, in part:

> a) **Jurisdiction.**—The courts shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and shall determine, in conjunction with any decree granting a divorce or annulment, the following matters, if raised in the pleadings, and issue appropriate decrees or orders with reference thereto, and may retain continuing jurisdiction thereof:

> (1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, postnuptial or separation agreement and including the partition of property held as tenants by the entireties or otherwise and any accounting between them, and the order of any spousal support, alimony, alimony pendente lite, counsel fees or costs authorized by law.

*v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). The Court recognized in *Kulko v. Superior Court of California, supra,* that "this determination is one in which few answers will be written 'in black and white. The greys are dominant and even among them the shades are innumerable.' " *Kulko v. Superior Court of California, supra,* 436 U.S. at 92, 98 S.Ct. at 1697, 56 L.Ed.2d at 141 *quoting Estin v. Estin,* 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561, 1566 (1948).

*Scoggins, supra* at 1319. Although distinguishable, we nonetheless find guidance in *Scoggins.*

¶ 16 In *Scoggins,* we evaluated whether sufficient minimum contacts existed pursuant to Pennsylvania's long-arm statute to withstand a challenge to the exercise of personal jurisdiction over a non-resident, nondomiciliary defendant in an action concerning economic claims arising out of the marital relationship brought by a resident spouse. Therein, the parties married and lived together in Pennsylvania until they separated and the husband moved to Florida, established six-month residency, and obtained an *ex parte* divorce, which neither party contested. The controversy concerned, *inter alia,* whether the *situs* of the marital domicile alone satisfied sufficient minimum contacts. The trial court determined, however, that the facts therein were "not sufficiently clear" to resolve that issue. *Id.* at 1317. We concurred that the record failed to disclose whether the parties ever established marital domicile or residence elsewhere in the United States and that the appellant wife had failed to plead sufficient facts upon which to base a finding regarding the marital domicile. Therefore, as it was not clear whether Pennsylvania was the last marital domicile, we remanded.

¶ 17 In the present case, it is undisputed that the parties left Pennsylvania and established their marital residence in Wisconsin. Indeed, Wife admitted that Wisconsin was the last marital domicile. *See* Wife's answer and new matter to Husband's preliminary objections, 4/28/08, at ¶ 3. Wife asserted that the parties relocated to Wisconsin in December 2006 due to Husband's job transfer and lived there together until August 2007 when she unilaterally moved from the marital residence to Pennsylvania. *Id.* at ¶ 18–19, 21. Thus, in the case at bar, there is no contention that Pennsylvania, not Wisconsin, is the last marital domicile.

¶ 18 We also find guidance in *Kulko v. Superior Court of California, supra.* The parties in *Kulko* resided in New York throughout their marriage and had children there. They were married, however, in California during a brief stopover while the husband was en route to overseas military duty, although this fact was inconsequential to the California Supreme Court. The wife lived in New York, and the husband joined her there upon his return from military duty. Upon separation, the wife moved to California, and eventually, the parties' children joined her. She obtained a divorce in Haiti and filed an action in California to register the Haitian divorce decree and sought child support. The husband contested the California action on the basis of the absence of *in personam* jurisdiction.

¶ 19 The California Court determined that the husband's act of permitting his daughter to move to California "had 'caused an effect in the state' warranting the exercise of jurisdiction over him." *Id.* at 88–89, 98 S.Ct. 1690. The United States Supreme Court determined that the California Supreme Court's application of the minimum-contacts test under those facts was "neither fair, just, nor reason-

able," noting particularly that the husband remained in New York, the state of domicile; it was the wife who moved away. *Id.* at 92, 98 S.Ct. 1690. The parallel to the instant matter, where Husband remained in Wisconsin, the state of domicile, is not lost upon this Court. *Kulko* has been applied by the Pennsylvania courts in *Wagner v. Wagner, supra,* and *Scoggins v. Scoggins, supra.*

¶ 20 In the case at bar, the trial court correctly noted that there were no children born of the marriage, the parties have acquired no real estate in either Pennsylvania or Wisconsin, and any existing marital property was located in Wisconsin, the place of the last marital domicile, where Husband remained. Husband's only contacts with Pennsylvania occurred prior to the couple's relocation to Wisconsin. N.T., 6/12/08, at 2.

¶ 21 Thus, the trial court's determination that Husband did not satisfy the requisite minimum contacts to support *in personam* jurisdiction is supported by the record. As there were insufficient contacts between the nonresident Husband and Pennsylvania, the exercise of personal jurisdiction over him would violate both the Pennsylvania Long–Arm Statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Viewing Husband's contacts in the light most favorable to Wife, the nonmoving party, the granting of Husband's preliminary objections to the trial court's jurisdiction over the economic claims, which resulted in the dismissal of those claims for lack of personal jurisdiction, was proper.

¶ 22 Order affirmed.