J-A31016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| B.J.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| T.G. AND W.G. | |
| Appellee | No. 868 MDA 2014 |

Appeal from the Order Entered April 21, 2014
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-1628-2013

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                **FILED JANUARY 21, 2015**

B.J.B. (Appellant) appeals from the order entered April 21, 2014, in the Court of Common Pleas of Schuylkill County, which sustained the preliminary objections filed by T.G. (Mother) and W.G. (Husband), and dismissed Appellant's custody complaint.  We affirm.

The instant matter relates to the female child, O.G. (Child), born in January of 2013.  At the time Child was conceived, Mother was married to Husband.  However, Mother was also engaging in an extramarital affair with Appellant.  Mother and Husband had two children prior to Child, and they continue to reside together as an intact family.

On August 13, 2013, Appellant filed a complaint for custody with respect to Child, in which he averred that he is Child's biological father.  On October 28, 2013, Appellant filed a complaint to establish paternity and for

genetic testing. The trial court entered an order on November 8, 2013, indicating, *inter alia*, that Appellant must file an amended complaint including Husband as a party to the custody action. The court also stated in the November 8, 2013 Order that it would not consider Appellant's complaint to establish paternity, pursuant to Pa.R.C.P. 1930.6(a), which provides that an action to establish paternity "shall not be permitted . . . if a support or custody action to which the putative father is a party is pending." Pa.R.C.P. 1930.6(a).

Appellant filed an amended complaint for custody on December 18, 2013. On January 23, 2014, Mother and Husband filed preliminary objections wherein they alleged that Appellant lacked standing to pursue his custody action because Appellant was not the biological or legal father of Child and had never stood in *loco parentis* with respect to Child.[1] Appellant filed an answer to the preliminary objections of Mother and Husband on February 19, 2014. On February 25, 2014, Appellant filed an Application for Blood Test to Determine Paternity, which the court denied by order entered on March 10, 2014.

A hearing regarding the preliminary objections of Mother and Husband was held on March 26, 2014. On April 21, 2014, the trial court entered an

_____

[1] Mother initially filed preliminary objections on January 8, 2014, which the trial court had dismissed without prejudice for procedural reasons.

order sustaining the preliminary objections and dismissing Appellant's complaint. In the opinion accompanying the court's order, the court concluded that Appellant lacked standing to pursue custody of Child because he had failed to overcome the presumption of paternity. Trial Court Opinion, 4/21/2014, at 9. Specifically, the court found that Child was conceived and born during the marriage of Mother and Husband, that they continue to live together as an intact family unit, and that Husband identifies himself as Child's father and performs parental responsibilities for her. *Id.* at 7-9. Appellant timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Appellant now raises the following issues for our review.

[1.] The Uniform Act on Blood Tests to determine paternity was not followed by the trial court and is not being followed by the appellate courts of Pennsylvania in direct contradiction to the Act itself which specifically addresses its effect of presumption of legitimacy. It does so by providing that "the presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all of the experts as disclosed by the evidence based upon the tests show that the husband is not the father of the child". Should the courts expand the factors available to rebut the presumption, particularly because of the accuracy and reliability of blood testing to determine paternity?

[2.] Is the presumption that a child born to a married woman is the child of the woman's husband that can only be rebutted by proof either that the husband was physically incapable of fathering a child or that he did not have access to his wife during the period of conception outdated?

[3.] Is it time to change the policy and the doctrine that the presumption that a child born to a married woman is a child of the marriage and when the presumption does apply, should blood tests be ordered to rebut the presumption of paternity?

- 3 -

[4.] Is it time to change the legal doctrine that the presumption of paternity is irrebuttable where the wife, husband, and child live together in an intact family and husband assumes parental responsibility for the child?

Appellant's Brief at 4-7 (bolding and unnecessary capitalization omitted).[2]

"'[T]his Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.'" **Gaboury v. Gaboury**, 988 A.2d 672, 675 (Pa. Super. 2009), *appeal denied*, 996 A.2d 492 (Pa. 2010) (quoting **Rambo v. Greene**, 906 A.2d 1232, 1235 (Pa. Super. 2006)). "[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **C.B. v. J.B.**, 65 A.3d 946, 951 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013) (quoting **In re Adoption of J.A.S.**, 939 A.2d 403, 405 (Pa. Super. 2007), *appeal denied*, 954 A.2d 577 (Pa. 2008)).

Instantly, Appellant "acknowledges that the [trial c]ourt properly applied the law in accord with current appellate decisions concerning presumption of paternity. . . ." Appellant's Brief at 20. However, Appellant argues on appeal that the Uniform Act on Blood Tests to Determine Paternity, 23 Pa.C.S.A. § 5104, should permit him to obtain a blood test in

---

[2] In his brief, Appellant addresses his second, third, and fourth issues in a single argument section.

order to rebut the presumption. Appellant also contends that the presumption is outdated, and should be abandoned.

This Court has explained the presumption of paternity as follows.

> The presumption of paternity, *i.e.,* the presumption that a child conceived or born during a marriage is a child of the marriage, has been described by our Supreme Court as "one of the strongest presumptions known to the law." [***Strauser v. Stahr***, 556 Pa. 83, 87, 726 A.2d 1052, 1053-54 (1999).] The policy underlying the presumption is the preservation of marriages. ***Fish v. Behers****,* 559 Pa. 523, 528, 741 A.2d 721, 723 (1999). Accordingly, our Supreme Court has held that the presumption of paternity applies *only* where the underlying policy to preserve marriages would be advanced by application of the presumption. ***Id.; Brinkley v. King****,* 549 Pa. 241, 250-51, 701 A.2d 176, 181 (1997) (plurality opinion). When there is no longer an intact family or a marriage to preserve, then the presumption of paternity is not applicable. ***Fish***, ***supra*** at 528, 741 A.2d at 723; ***Brinkley***, ***supra*** at 250-51, 701 A.2d at 181; ***Barr v. Bartolo****,* 927 A.2d 635, 643 (Pa. Super. 2007) (declining to apply the presumption of paternity in a case where, although the mother and her husband remained married and had not sought a divorce at the time of the paternity hearing, they had been separated for several years and there was no intact family to preserve); [***Doran v. Doran***, 820 A.2d 1279, 1283 (Pa. Super. 2003)] (concluding that the presumption of paternity did not apply to a case in which the mother and her husband had separated and a divorce action was pending prior to the support hearing); ***Sekol v. Delsantro****,* 763 A.2d 405, 409 (Pa. Super. 2000) (same); ***cf. Strauser, supra*** at 91, 726 A.2d at 1055-56 (concluding that the presumption of paternity *did* apply in a case where the mother and her husband had never separated and, despite their marital difficulties and the mother's infidelity, had chosen to preserve their marriage); ***E.W. v. T.S.****,* 916 A.2d 1197, 1204 (Pa. Super. 2007) (affirming the trial court's application of the presumption of paternity in a case where the mother and her husband had not lived apart at any time after their marriage and had never filed a divorce complaint, and the husband had fulfilled the duties of a father in the family).
>
> The presumption of paternity is unrebuttable when, at the time the husband's paternity is challenged, mother, her

husband, and the child comprise an intact family wherein the husband has assumed parental responsibilities for the child. *Id.* at 1201. Under other circumstances, the presumption may be overcome by clear and convincing evidence that either of the following circumstances was true at the time of conception: the presumptive father, *i.e.,* the husband, was physically incapable of procreation because of impotency or sterility, or the presumptive father had no access to his wife, *i.e.,* the spouses were physically separated and thus were unable to have had sexual relations. *Strauser, supra* at 88, 726 A.2d at 1054; *Brinkley, supra* at 248, 701 A.2d at 179; *Barnard v. Anderson,* 767 A.2d 592, 594 (Pa. Super. 2001). In Pennsylvania, impotency/sterility and non-access constitute the *only* ways to rebut the presumption of paternity. *Brinkley, supra* at 248, 701 A.2d at 179; *Barnard, supra* at 594; *see also Brinkley, supra* at 260-61, 701 A.2d at 185-86 (Newman, J., dissenting). Notably, blood tests *cannot* be offered to rebut the presumption of paternity. *Jones v. Trojak,* 535 Pa. 95, 105, 634 A.2d 201, 206 (1993) ( "A court may order blood tests to determine paternity only when the presumption of paternity has been overcome ... by proof of facts establishing non-access or impotency."); *E.W., supra* at 1202-03, 1204; *Barnard, supra* at 594 (quoting *Strauser, supra* at 88, 726 A.2d at 1054); *see also Brinkley, supra* at 261-65, 701 A.2d at 186-88 (Newman, J., dissenting) ("Pennsylvania is fast becoming one of only a minority of states that does not accept the results of blood tests that disprove the husband's paternity to rebut the presumption [of paternity].");  *Strauser, supra* at 93, 726 A.2d at 1056 (Nigro, J., dissenting) (observing that "the strict application of the presumption [of paternity] doctrine has only acted as an obstacle to the discretion of the trial court to order and use blood testing of the parties" to determine paternity). A number of dissenting voices notwithstanding, it remains the law of this Commonwealth that "[a] court may order blood tests to determine paternity only when the presumption of paternity has been overcome" by proof of either impotency/sterility or non-access. *Brinkley, supra* at 247, 701 A.2d at 179 (citation omitted).

*Vargo v. Schwartz*, 940 A.2d 459, 463-64 (Pa. Super. 2007) (footnote omitted).

Section 5104 provides as follows, in pertinent part.

 **(a) Short title of section.--**This section shall be known and may be cited as the Uniform Act on Blood Tests to Determine Paternity.

**(b) Scope of section.--**

> **(1) Civil matters.--**This section shall apply to all civil matters.

*** 

**(c) Authority for test.--**In any matter subject to this section in which paternity, parentage or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests.  If any party refuses to submit to the tests, the court may resolve the question of paternity, parentage or identity of a child against the party or enforce its order if the rights of others and the interests of justice so require.

*** 

**(f) Effect of test results.--**If the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests are that the alleged father is not the father of the child, the question of paternity, parentage or identity of a child shall be resolved accordingly.  If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence.

**(g) Effect on presumption of legitimacy.--**The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests show that the husband is not the father of the child.

23 Pa.C.S.A. § 5104.

The view that Section 5104 permits a party to obtain a blood test in order to rebut the presumption of paternity has been expressly rejected by a

majority of our Supreme Court. *See Strauser*, 726 A.2d at 1056 n.2. In

*Strauser*, Justice Newman wrote a dissenting opinion explaining her view

that, pursuant to Section 5104, "a court may compel interested parties to

submit to blood testing, and that such blood testing can rebut the

presumption of paternity." *Id.* at 1058 (Newman, J., Dissenting). The

majority opinion responded as follows.

> In her dissenting opinion, Madame Justice Newman discerns a conflict between this holding and the Uniform Act on Blood Tests to Determine Paternity, now codified at 23 Pa.C.S. § 5104, which she views as codifying the public policy that blood testing may always be employed to rebut the presumption of paternity. Such position, however, has never commanded a majority of this Court. *See John M.,* 571 A.2d at 1385 (stating that "section 6133 of the Act [now 23 Pa.C.S. § 5104(c) ] does not give the putative father the *right* to compel a presumptive father (husband) to submit to blood tests"); *see also John M.,* 571 A.2d at 1389 (Nix, C.J., concurring, and joined by all others)(declaring that "a third party who stands outside the marital relationship should not be allowed, for any purpose, to challenge the husband's claim of parentage").

*Id.* at 1056 n.2.

More recently, in *E.W. v. T.S.*, 916 A.2d 1197 (Pa. Super. 2007), a

panel of this Court again rejected the contention that Section 5104 allows a

party to obtain a paternity test in order to overcome the presumption of

paternity. In that case, the appellant, E.W., argued that "that the courts of

this Commonwealth have ignored the language of [Section 5104] and as a

result have denied E.W.'s statutory right to have a blood test performed so

that he can overcome the presumption of paternity." *Id.* at 1202. In

response, this Court quoted the language from ***Strauser***, ***supra***, and explained that,

> Despite E.W.'s discussion regarding the "clear and unambiguous" language of [Section 5104], which he contends should not be ignored by the courts, E.W. has not provided any citation to a case that has allowed a third party seeking to rebut the presumption to compel the presumed father to submit to a blood test. Nor has this Court located any case law that would support E.W.'s position. Therefore, we must conclude that this issue is without merit.

***Id.*** at 1203.

Thus, we hold that the trial court correctly concluded that Appellant could not obtain a blood test in order to rebut the presumption of paternity. While Appellant argues that the law with respect to the presumption should be changed, Appellant's request is beyond the power of this panel. It is well-settled that "this Court is obligated to follow the precedent set down by our Supreme Court. It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." ***Bell v. Willis***, 80 A.3d 476, 479 (Pa. Super. 2013), *appeal denied*, 89 A.3d 1282 (Pa. 2014) (quoting ***Moses v. T.N.T. Red Star Express***, 725 A.2d 792, 801 (Pa. Super. 1999), *appeal denied*, 739 A.2d 1058 (Pa. 1999)). Moreover, we are bound by the prior decisions of this Court. ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in

circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.") (citations omitted).

Accordingly, we conclude that the trial court did not err by sustaining the preliminary objections of Mother and Husband, and dismissing Appellant's complaint. We therefore affirm the order of the trial court.

Order affirmed.

Judge Stabile joins this memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2015