J-S62017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD J. COPPOLA, JR. (INDIVIDUALLY) AND GOE INTERNATIONAL, LLC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 811 EDA 2018 |
| STEEL SERVICES, INC. | : : | |

Appeal from the Order Entered February 20, 2018
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2017-05726

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 18, 2019**

Richard J. Coppola, Jr. and Goe International, Inc. (collectively "Appellants") appeal from the order dismissing their Complaint against Steel Services Inc. ("Steel Services"). The trial court found it lacked personal jurisdiction over Steel Services because Appellants failed to establish Steel Services had any connection to Pennsylvania. We affirm.

On August 31, 2017, Appellants filed a Notice of Appeal from a magisterial district judge decision, which entered judgment in favor of Steel Services. On September 21, 2017, Appellants filed a Complaint alleging a breach of contract claim. On October 18, 2017, Steel Services filed preliminary objections, including an objection claiming the trial court lacked personal jurisdiction over it. Appellants filed a response.

The facts alleged in the pleadings that are relevant to this appeal are as follows. Steel Services is a company with a principal place of business in Virginia. After viewing Steel Services' website, Appellants called Steel Services in Virginia to purchase steel products. Appellants purchased the steel products by credit card payment over the telephone. Steel Services shipped the merchandise from its place of business in Virginia to Appellants' job site, also in Virginia. Steel Services does not have an office or bank account in Pennsylvania. It does not have a Pennsylvania telephone number and is not registered in Pennsylvania as a foreign corporation.

On February 20, 2018, the trial court dismissed the Complaint because it lacked personal jurisdiction over Steel Services.[1] Appellants filed a Notice of Appeal.

As a preliminary matter, we conclude that the claims as to Goe International have been abandoned on appeal. Coppola filed the Notice of Appeal on behalf of himself and Goe International. The 1925(b) Statement and appellate brief list Coppola as the only appellant. All claims as to Goe International have therefore been abandoned on appeal.[2] **See Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa.Super. 2008) (finding

---

[1] The court dismissed as moot Steel Services other preliminary objections, which included objections in the nature of improper representation, standing, and improper pleading.

[2] Further, Coppola, a non-attorney, may not represent Goe International. **David R. Nicholson, Builder, LLC v. Jablonski**, 163 A.3d 1048, 1054 (Pa.Super. 2017) (concluding "LLC entities, generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney").

claim abandoned where not developed in brief). Coppola has preserved the

claims raised on appeal in his individual capacity, which we will now address.

Coppola raises the following issues on appeal:

1. Whether the Trial Court committed an error of law, abused its discretion and denied [Coppola's] due process and Discovery rights by prematurely dismissing [Coppola's] Common Pleas Court Complaint.

2. Whether the Trial Court committed an error of law, abused its discretion and denied [Coppola's] due process and Discovery rights by prematurely dismissing [Coppola's] Common Pleas Court Complaint prior to conducting ANY Discovery.

3. Whether the Trial Court committed an error of law, abused its discretion and denied [Coppola] due process and Discovery rights by prematurely dismissing [Coppola's] Common Pleas Court Complaint prior to conducting ANY Discovery whatsoever so as to determine [Steel Services] personal jurisdiction in Pennsylvania.

4. Whether the Trial Court committed an error of law, abused its discretion and denied [Coppola] due process and Discovery rights by prematurely dismissing [Coppola's] Common Pleas Court Complaint prior to conducting ANY Discovery whatsoever so as to determine the scope and extent of [Steel Services'] interstate operations inclusive but not limited to Pennsylvania.

5. Whether the Trial Court committed an error of law, abused its discretion and denied [Coppola] due process and Discovery rights by prematurely dismissing [Coppola's] Common Pleas Court Complaint prior to conducting ANY Discovery whatsoever so as to determine the type, scope and extent of [Steel Services'] contacts in Pennsylvania, it's internet and e-mail activities, contacts and marketing locations.

6. Did [Steel Services'] market and operate on an interstate basis.

7. Is it therefore reasonable to conclude that [Steel Services] had minimum contacts in Pennsylvania both directly with [Coppola] and indirectly through their Interstate operations.

8. Whether jurisdiction is appropriate in Pennsylvania.

Coppola's Br. at 5-6. In sum, Coppola raises two claims: (1) the trial court erred in finding it lacked jurisdiction over Steel Services; and (2) the trial court erred in not permitting the parties to engage in discovery before dismissing the Complaint for lack of jurisdiction.

"When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt." *N.T. ex rel. K.R.T. v. F.F.*, 118 A.3d 1130, 1134 (Pa.Super. 2015) (quoting *Gaboury v. Gaboury*, 988 A.2d 672, 675 (Pa.Super. 2009)). "[W]hen deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party." *Id.* (quoting *Gaboury*, 988 A.2d at 675). "Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it." *Id.* (quoting *Gaboury*, 988 A.2d at 675). We will reverse on order addressing preliminary objections "only where there has been an error of law or an abuse of discretion." *Id.* (quoting *Gaboury*, 988 A.2d at 675).

Courts may exercise two types of personal jurisdiction – general jurisdiction, "which is founded upon a defendant's general activities in the forum as evidenced by continuous and systematic contacts with the state," or specific jurisdiction, which "is focused upon the particular acts of the

defendant that gave rise to the underlying cause of action." ***Taylor v. Fedra Int'l., Ltd.***, 828 A.2d 378, 381 (Pa.Super. 2003). "The mere presence of a website, without more, . . . is not sufficient to subject a business to specific jurisdiction." ***Haas v. Four Seasons Campground, Inc.***, 952 A.2d 688, 693 (Pa.Super. 2008). Rather, the "website must target users of the forum state, and the use of the internet website must engage the party in such a way that the underlying transaction that gives rise to the claim occurs as a result of using the website." ***Id.***

Further, the United States Supreme Court has clarified when a court may exercise general jurisdiction:

> A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. The paradigm forums in which a corporate defendant is at home, we explained, are the corporation's place of incorporation and its principal place of business. The exercise of general jurisdiction is not limited to these forums; in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State.

***BNSF Railway Co. v Tyrell***, 137 S. Ct. 1549, 1558 (2017) (citations and internal quotations omitted).

The Supreme Court recently discussed the Fourteenth Amendment limitations on general jurisdiction in ***BNSF Railway Co. v Tyrell***, 137 S. Ct. 1549, 1554 (2017). There, BNSF was a railway company incorporated in Delaware with a principal place of business in Texas. ***BNSF Railway Co.***, 137

S. Ct. at 1554. A railway worker injured in North Dakota and another injured in South Dakota brought suit against the railway company in Montana state court. *Id.* The Montana Supreme Court determined that its state courts could exercise personal jurisdiction over the railway because it maintained over 2,000 miles of railroad track and employed more than 2,000 workers in Montana. *Id.* at 1554. The U.S. Supreme Court found these contacts insufficient. *Id.* at 1559. The Court noted that the railway's contacts with Montana, while significant, represented a small percentage of its overall business. *See id.* at 1554, 1559. Thus, it reiterated:

> [A]s we observed in *Daimler*, the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety; a corporation that operates in many places can scarcely be deemed at home in all of them.

*Id.* at 1559 (internal quotation marks, alterations, and citations omitted).

Coppola maintains Pennsylvania courts have personal jurisdiction based on Steel Services' website. Coppola's Br.at 8.[3]

The website is insufficient to confer jurisdiction on Pennsylvania courts. Regarding specific jurisdiction, the trial court found:

> Appellants sought out Steel Services by viewing its website, which is open to all and does not target Pennsylvania. Mr. Coppola then called the company to place his order for products to be shipped from Steel Services' sole place of business in Virginia to Appellants' jobsite, which was also in

_____

[3] Coppola also claims Steel Services' website does "interstate business with multiple interstate locations." Coppola's Br.at 8. However, although the website does list multiple locations, all locations are in Virginia.

> Virginia. Pennsylvania courts have declined to exercise personal jurisdiction where the defendant has simply made their information available to all those interested in it, wherever their location. The mere presence of a website does not and should not subject a defendant to a finding of specific jurisdiction.

Trial Ct. Op., filed June 8, 2018, at 6. We agree and conclude the trial court did not err or abuse its discretion in finding it lacked specific jurisdiction. *Haas*, 952 A.2d at 693-94 (concluding that Pennsylvania did not have specific jurisdiction where seasonal contracts not available over computer and customer could not purchase rights through website, but had to drive to New Jersey to sign contract).

We further note that the website is insufficient to provide general jurisdiction to Pennsylvania courts. There is nothing of record to suggest that Steel Services has a presence in Pennsylvania, its website generated a significant source of income from Pennsylvania, or that it was "essentially at home" in Pennsylvania. *BNSF*, 1375 S.Ct. at 1558.

Further, there is no other information of record, beyond the website, that would permit a finding of general or specific jurisdiction. Coppola has not shown that Steel Services has any continuous and systematic contacts with Pennsylvania sufficient to confer general jurisdiction. In addition, the trial court concluded Pennsylvania lacked specific jurisdiction, reasoning that "none of [Steel Services] purported acts giving rise to the underlying causes of action occurred in Pennsylvania." Trial Court Op. at 5. It noted the only contact between the parties was communication by telephone and writing, and Coppola called the company's place of business in Virginia and requested that

the products be shipped to a jobsite in Virginia. The trial court's findings are supported by the record, and its holding that it lacked personal jurisdiction was not error or an abuse of discretion.

We next address Coppola's claim that the court erred in not permitting him to conduct discovery. Generally, we review an order concerning discovery for an abuse of discretion standard. ***McNeil v. Jordan***, 894 A.2d 1260, 1268 (Pa. 2006). Coppola did not seek discovery at any time prior to entry of the order sustaining the preliminary objections. Therefore, Coppola waived the claim. Pa.R.A.P. 302(a) (providing "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Further, even if Coppola had not waived the issue, we would conclude it lacks merit. In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court found "given the uncontroverted facts and the clear law as to this jurisdiction dispute, there was no need to open the fact record for discovery relating to this issue." Trial Ct. Op. at 5. This was not an abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/19

- 8 -