J-A04006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS M. MANIDIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENEE K. MANIDIS | : | No. 1023 EDA 2019 |

Appeal from the Order Dated February 28, 2019
In the Court of Common Pleas of Chester County
Civil Division at No(s):  No. 2018-08943-DI

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 24, 2020**

Thomas Manidis ("Husband") appeals from the order entered in the Chester County Court of Common Pleas dismissing his request for equitable distribution of marital property for lack of personal jurisdiction over Renee Manidis ("Wife"). On appeal, Husband argues Wife submitted to the *in personam* jurisdiction of the trial court because she failed to raise an objection to the court's jurisdiction in her preliminary objections. After careful review, we affirm.

Husband and Wife were married in Palm Beach County, Florida and lived together in Florida until their separation. Shortly after separating, Husband moved to Chester County, Pennsylvania, where he found work as a chiropractor. Wife, however, remained in Florida.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Husband filed a divorce complaint in Pennsylvania seeking a no fault divorce and equitable distribution of martial assets. In response to Husband's complaint, Wife filed preliminary objections challenging the subject matter jurisdiction and *in personam* jurisdiction of the trial court.

After a hearing, the trial court sustained in part and overruled in part Wife's preliminary objections. Specifically, the court overruled Wife's objection to subject matter jurisdiction because husband satisfied the requirements for residency in Pennsylvania. By contrast, the court granted the objection to *in personam* jurisdiction finding that it lacked jurisdiction over Wife to adjudicate equitable distribution claims. As a result, the court dismissed Husband's economic claims. This timely appeal followed.

In his only issue, Husband contends Wife waived her challenge to *in personam* jurisdiction by failing to assert such claim in her preliminary objections. **See** Appellant's Brief, at 13. Therefore, Husband claims that Wife submitted to the *in personam* jurisdiction of the Commonwealth.

In reviewing an order granting preliminary objections challenging *in personam* jurisdiction, our standard of review is as follows:

> When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. . . . Moreover, when deciding a motion to dismiss for lack of personal jurisdiction [,] the court must consider the evidence in the light most favorable to the non-moving party.

**Gaboury v. Gaboury**, 988 A.2d 672, 675 (Pa. Super. 2009).

"[T]his court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion." ***Rambo v. Greene***, 906 A.2d 1232, 1235 (Pa. Super. 2006). "Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it." ***Barr v. Barr***, 749 A.2d 992, 994 (Pa. Super. 2000) (citation omitted).

As an initial matter, we must determine whether Husband's appeal is from a final order. This Court may review such issue *sua sponte* because it concerns our jurisdiction over the appeal. ***See Kensey v. Kensey***, 877 A.2d 1284, 1286-1287 (Pa. Super. 2005).

Under Pennsylvania law, a party may only appeal from a final order unless otherwise permitted by rule or statute. ***See McCutcheon v. Philadelphia Electric Company***, 788 A.2d 345, 349-350 (Pa. 2002). A final order is an order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). In other words, a final order ends the litigation as to all claims and all parties. ***See McCutcheon***, 788 A.2d at 350.

Here, the trial court, after reviewing Wife's preliminary objections, issued an order dismissing Husband's request for equitable distribution. **See** Trial Court Order, 02/28/19. In a memorandum opinion, the court explained that it had jurisdiction to dissolve the bonds of matrimony, but it did not have personal jurisdiction over Wife to decide any economic claims. **See** Trial Court Opinion, 02/28/19, at 5, 12. The court's decision put into operation a "divisible divorce." ***See Gaboury***, 988 A.2d at 676.

- 3 -

A divisible divorce exists where a court has subject matter jurisdiction to dissolve the parties' marriage, but lacks *in personam* jurisdiction to decide economic issues. **See Estin v. Estin**, 334 U.S. 541 (1948). The court under these circumstances must dismiss all claims for economic relief due to its jurisdictional limits. As a result, this order is considered a final order because it disposes of all economic claims arising under the divorce complaint. **See Scoggins v. Scoggins**, 555 A.2d 1314, 1317 n.3 (Pa. Super. 1989).

In the present case, the order issued by the trial court disposed of all Husband's economic claims. **See** Trial Court Order, 02/28/19; **see also** Pa.R.A.P. 341(b)(1). Therefore, we conclude that the court's order is a final, appealable order. **See Scoggins**, 555 A.2d 1317 n.3.

Next, we must address Wife's argument that Husband failed to preserve his claim on appeal. Wife contends that Husband is raising his claim for the first time on appeal and is therefore barred from doing so under our rules of appellate procedure. **See** Appellee's Brief, at 7.

Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Furthermore, Rule 2117(c) and Rule 2119(e) require appellants to identify, in both the statement of the case and in the argument, where in the record the issue presented on appeal has been raised or preserved. **See Young v. S.B. Conrad, Inc.**, 216 A.3d 267, 274 (Pa. Super. 2019).

Here, Husband's brief does not comply with Rule 2117(c), which requires an appellant to pinpoint where in the record the issue was preserved.

In his statement of the case, his first allegation of raising this objection is the "*[o]n appeal*, Husband raised the issue … that Wife waived her right to object to personal jurisdiction." Appellant's Brief, at 9 (emphasis supplied). However, Husband does comply with Rule 2119(e), as he notes in his argument that he argued to the trial court that Wife had "availed herself already" of Pennsylvania jurisdiction. ***Id.***, at 14. Under these circumstances, we conclude Husband properly preserved this argument for appellate review.

Nonetheless, Husband's argument merits no relief. Contrary to Husband's assertion, Wife objected to the court's exercise of *in personam* jurisdiction in her preliminary objections. ***See*** Appellee's Preliminary Objections, filed 9/27/18, at ¶ 15 ("[Husband] has not established any indicia of residency that would grant Pennsylvania subject matter jurisdiction or an *in personam* jurisdiction over [Wife]").

Husband does not challenge the trial court's conclusion that it lacked personal jurisdiction over Wife. His only argument is that paragraph 15 of Wife's preliminary objection was too vague to place him on notice that she was challenging personal jurisdiction. He contends that since Wife only mentioned personal jurisdiction in conjunction with a challenge to the court's subject matter jurisdiction to grant divorce, he was not on notice that personal jurisdiction was being challenged.

We disagree. While Wife's preliminary objection was not perfectly drafted, paragraph 15 provided sufficient notice, under the circumstances,

that personal jurisdiction was at issue. Husband's sole issue on appeal merits no relief.

Order affirmed. Jurisdiction relinquished.

Judge Colins joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/20

- 6 -