**Rituparna Roy SINHA, Appellee,**

v.

**Indrajit SINHA, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 2003.

Filed Oct. 7, 2003.

Joseph L. London, Philadelphia, for appellant.

Elaine Smith, Philadelphia, for appellee.

BEFORE: GRACI, OLSZEWSKI, and CAVANAUGH, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 This case involves a jurisdictional dispute arising from two divorce actions, one filed by Rituparna Sinha ("wife") in Montgomery County, Pennsylvania, and the other flied by Indrajit Sinha ("husband") in India. Husband argues that the trial court violated the legal principle of comity by holding that it had jurisdiction to proceed with the divorce filed by wife despite the outstanding divorce action in India. Analyzing the jurisdictional question under conflict of laws interest analysis, we respectfully hold that Pennsylvania's interest in husband and wife's divorce is superior to India's interest, and affirm.

¶ 2 The lower court explains the facts of this case:

Plaintiff Rituparna Roy Sinha ... and defendant Indrajit Sinha ... were married in Calcutta, India on December 1, 1995. The parties are citizens of India. Before the marriage, Wife had lived in Bombay, India, with her parents. Husband has resided in the United States since 1988. The parties are the parents of a minor child, Radhika, who was born on August 21, 1997, in the United States.

Husband has maintained a residence in Montgomery County, Pennsylvania, since 1988, when he came to the United States to assume a teaching position at Temple University in Philadelphia. Wife moved into the marital residence in Montgomery County in August, 1996.

Husband currently resides at 24 Canter Lane, North Wales, Montgomery County, Pennsylvania. He continues to be employed as an assistant professor at Temple University. Wife resides at 1832 North Broad Street, Lansdale, Montgomery County, Pennsylvania. She is employed as a supervisor at a Friendly's restaurant.

When husband began working at Temple University, he obtained an H1B visa from the United States Immigration and Naturalization Service. Temple University sponsored Husband's visa. Wife was granted an H4 visa as a derivative beneficiary. Both parties have subsequently obtained "green cards."

The parties traveled to Hong Kong in October of 1999, where husband had a temporary appointment as a guest lecturer. While en route from Hong Kong back to the United States, the parties stopped in Calcutta, India, to visit Husband's parents. Following an argument, the parties separated in Calcutta on or about December 27, 1999. Husband returned alone to the United States in January of 2000, and Wife returned to the United States in March of 2000.

Upon returning to the United States, Wife took up residence, first in Montgomery County, then dividing her time between Montgomery County and her aunt and uncle's home in Chevy Chase,

Maryland. Wife then rented her own apartment in Montgomery County, where she currently resides with the minor child.

On April 17, 2000, Wife filed a divorce complaint in the Court of Common Pleas of Montgomery County. Husband was personally served with a copy of the complaint on May 2, 2000.

Unbeknownst to Wife, Husband had previously filed for divorce in India on February 28, 2000. In his divorce complaint, Husband alleged that Wife resided in Calcutta, India. Husband later alleged that he served his divorce complaint on Wife in Puna, India, on May 4, 2000. Despite Husband's allegations in this regard, [the trial court] fully credit[s] Wife's testimony that she was not even in India at the time service was supposedly effectuated.

Upon learning that Husband had filed a divorce complaint in India, Wife retained counsel in India to seek a permanent stay of all Indian proceedings. Wife contends that she never submitted to the jurisdiction of the local court in Calcutta, India.

On May 19, 2000, Husband filed a "Motion to Dismiss and/or Stay Proceedings for Lack of Jurisdiction and for Reason of a Prior Divorce Action Presently Pending in India."

By Order dated March 12, 2001, [the trial court] denied Husband's motion to dismiss and/or stay proceedings, finding that: a) Husband failed to demonstrate that jurisdiction properly lay in India; b) Husband, in any event, failed to demonstrate that Wife was properly served with the divorce complaint filed in India; and c) Wife demonstrated that jurisdiction properly lies in Montgomery County.

On April 4, 2001, Husband filed a notice of appeal to [this] Superior Court of Pennsylvania from [the trial court] Order dated March 12, 2001, and [the trial court] filed an Opinion of July 5, 2001.

On December 31, 2001, Wife filed an affidavit under Section 3301(d) of the Divorce Code. [See 23 Pa.C.S.A. § 3301.] In response, Husband filed a counter-affidavit on January 14, 2002, opposing the entry of a divorce decree.

On July 16, 2002, [this] Superior Court issued a Memorandum Opinion quashing Husband's first appeal, finding that the Order of March 12, 2001, sustaining jurisdiction, was not a final, appealable Order. [Sinha v. Sinha, 809 A.2d 977 (Pa.Super.2002) (unpublished memorandum).]

A hearing was [subsequently] held before [the trial court] on December 17, 2002, on Wife's petition for interim fees and costs, Wife's petition for sanctions, Husband's objections to [the] 3301(d) affidavit, Husband's petition for extraordinary relief, Wife's cross-petition, and Wife's petition for bifurcation. At the conclusion of the hearing, the [trial court] entered an Order that, *inter alia,* denied Husband's petition for extraordinary relief.

On January 16, 2003, the trial court entered an Order amending the Order dated December 17, 2002, to state that a substantial question of jurisdiction exists.

Trial Court Opinion, 3/17/03, 1–4 (citations omitted).

¶ 3 On appeal, our scope of review is unusually narrow. Generally, appeals are allowed only from final orders. *See generally,* Pa.R.A.P. 341. In this case, no final order has been issued by the trial court. Nevertheless, this appeal is properly before us because the trial court has verified that "a substantial issue of . . . jurisdiction is presented." Pa.R.A.P. 311(b)(2).

Therefore, we are concerned solely with the question of jurisdiction raised by husband.

■ ¶ 4 It is quite clear that the trial court has jurisdiction over the parties' divorce as a matter of Pennsylvania domestic law. Jurisdiction over a divorce is a function of the domicile of the individuals involved in the divorce. Section 3104 of the Pennsylvania Divorce Code provides the applicable jurisdictional rule:

> **(b) Residence and domicile of parties.**—No spouse is entitled to commence an action for divorce or annulment ... unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the commencement of the action. Both parties shall be competent witnesses to prove their respective residence, and proof of actual residence within this Commonwealth for six months shall create a presumption of domicile within this Commonwealth.

23 Pa.C.S.A. § 3104(b); *see also Zinn v. Zinn*, 327 Pa.Super. 128, 475 A.2d 132, 133 (1984) (" 'Bona fide residence' means domicile; i.e., actual residence coupled with the intention to remain there permanently or indefinitely.").

¶ 5 The trial court found that husband and wife are domiciled in Pennsylvania.

> It is undisputed that Husband has maintained a residence in Pennsylvania since 1988 and that the parties established their marital domicile in Montgomery County in 1996. In addition, Husband's counsel advised [the trial court] that his client has obtained a green card from the Immigration and Naturalization Service. Wife testified that she holds a green card, that she intends to seek citizenship in the United States, that both parties pay taxes in Pennsylvania,

and that both continue to live in Montgomery County.

Trial Court Opinion, 3/17/03, at 6 (citations omitted). We see no error in the trial court's determination.

■ ¶ 6 We also note that the fact the marriage was conducted in Calcutta, India, rather than Pennsylvania, does not mean that the trial court lacked jurisdiction over the divorce? Section 3104 provides for jurisdiction in such a circumstance:

> **(c) Powers of court.**—The court has authority to entertain a [divorce] action ... notwithstanding the fact that the marriage of the parties and the cause for divorce occurred outside of this Commonwealth and that both parties were at the time of the occurrence domiciled outside this Commonwealth. The court also has the power to annul void or voidable marriages celebrated outside this Commonwealth at a time when neither party was domiciled within this Commonwealth.

23 Pa.C.S.A. § 3104(c). We are not presently confronting a jurisdictional challenge based on a final foreign judgment. (If we were, we would be inclined to analyze the trial court's exercise of jurisdiction over husband and wife's divorce by way of an examination of the foreign judgment—specifically, the fairness of the foreign adjudication and the due process afforded the parties by the foreign tribunal.) Further, husband does not point to an applicable private international law treaty between the United States and India that would control the outcome to this dispute.

¶ 7 Rather, husband's challenge to the trial court jurisdiction consists of four issues based on a central theme:

> 1. Did the lower court err when it denied Husband's Motion for Extraordinary Relief based on the Indian Court's Injunction expressly restraining Wife

from proceeding on her divorce and support case in Montgomery County?

2. Should the lower court have accepted jurisdiction here in the United States while there was and is an ongoing Indian Divorce Case that had been filed there first?

3. Did the lower Court err when it declared that Husband had not proved Wife was properly served when the Indian Court had accepted Jurisdiction through their respective orders and the Wife had obtained a lawyer in India who had also accepted service?

4. Did the lower Court err when it failed to give due deference to the laws of India when parties marry under a Special Marriage Act which provides for the manner in which litigants may obtain a divorce?

Brief for Appellant at Table of Contents. These issues are based on the legal principle of comity among nations. As already noted, husband had filed for divorce in the Alipore District Court of Calcutta, India, on February 28, 2000, which was before wife filed for divorce in Montgomery County, Pennsylvania. Husband's position is that the Montgomery County Court should defer to the action in India because of comity. We disagree.

¶ 8 This Court has explained comity in the past by comparing it to the Full Faith and Credit Clause of the United States Constitution:

> Although we must give full faith and credit under the mandate of the United States Constitution to a decree ... by a court of a sister state if such court had jurisdiction over the parties and the subject matter, judicial decrees rendered in foreign countries depend for recognition in Pennsylvania upon comity.

* * *

> Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect.

*Hilkmann v. Hilkmann*, 816 A.2d 242, 245 (Pa.Super.2003), *appeal granted*, 825 A.2d 1261 (Pa.2003) (quoting *Drakulich v. Drakulich*, 333 Pa.Super. 273, 482 A.2d 563, 565 (1984), and *Somportex, Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440 (3rd Cir.1971)).

¶ 9 The principle of comity does not lead us to conclude that the trial court lacked jurisdiction. On the contrary, our due regard both to international duty and convenience and to the rights of husband and wife as protected by Pennsylvania law leads us to conclude that it is entirely proper for the Montgomery County Court to exercise jurisdiction over husband and wife's divorce. We reach this conclusion by determining what international comity requires through an analysis of our domestic choice of law doctrine. As we will explain, the choice of law approach taken by Pennsylvania courts in domestic conflicts of law cases is applicable to this international comity jurisdictional dispute. Comity does not require that the Montgomery County Court be divested of jurisdiction when its interest in husband and

wife's divorce is stronger than the Indian court's interest.

¶ 10 Legal disputes which have significant relationships to jurisdictions in addition to the forum state often involve difficult questions over what law should be applied to the dispute.

11 Pennsylvania has a clearly developed approach to such choice of law questions. In those cases involving conflicts between application of Pennsylvania law and the law of another state of the United States—that is to say, in cases that *do not* have an international dimension—Pennsylvania courts

> take a flexible approach which permits analysis of the policies and interests underlying the particular issue before the court. This approach gives the state having the most interest in the question paramount control over the legal issues arising from a particular factual context, thereby allowing the forum to apply the policy of the jurisdiction most intimately concerned with the outcome.

*Commonwealth v. Sanchez*, 552 Pa. 570, 716 A.2d 1221, 1223–24 (1998) (citations omitted).

¶ 12 Consider, for example, *Commonwealth v. Bennett*, 245 Pa.Super. 457, 369 A.2d 493 (1976), where evidence was obtained during a drug investigation in New Jersey, pursuant to a wiretap authorized by a New Jersey court, and that evidence was used to support a Pennsylvania search warrant. Applying the flexible, interests-based approach described above, this Court found that New Jersey's interests most intimately connected with the outcome; and therefore, we applied New Jersey law to hold that the wiretap evidence was competent to support the Pennsylvania search warrant. *Commonwealth v. Bennett*, 245 Pa.Super. 457, 369 A.2d 493, 494–95 (1976).

 ¶ 13 A similar, interests-oriented approach is appropriate for resolution of conflicts between the law of a state of the United States and the law of another country—that is to say, in cases that *do* have an international dimension. Therefore, we derive the answer to our jurisdictional question based on Pennsylvania's interest-oriented approach to choice of law issues.

 ¶ 14 In the context of marriages and divorces, it is generally accepted that "[t]he local law of the domiciliary state in which the action is brought will be applied to determine the right to divorce." Restatement (Second) of Conflict of Laws § 285 (1971). This general rule for divorce is indicative of Pennsylvania's interest-oriented approach to conflicts of law. It applies the law of the state with the most interest in the matter (i.e., the law of the state of the parties' domiciles). Moreover, the rationale is not limited to choice of law questions but is informative to our determination of the jurisdictional question presented in this appeal. As explained in the comments to § 285 of the Restatement (Second) of Conflict of Laws,

> The state of a person's domicile has the dominant interest in that person's marital status and therefore has judicial jurisdiction to grant him a divorce. The same considerations which give a state judicial jurisdiction to divorce a domiciliary make it appropriate for the state to apply its local law to determine the grounds upon which the divorce shall be granted. The local law of the forum determines the right to a divorce, not because it is the place where the action is brought but because of the peculiar interest which a state has in the marriage status of its domiciliaries.

Restatement (Second) of Conflict of Laws § 285 cmt. a (1971); *see also Id.* § 70 ("A state has power to exercise judicial juris-

diction to dissolve the marriage of spouses both of whom are domiciled in the state.").

¶ 15 Accordingly, Pennsylvania's interest in husband and wife's divorce is greater than India's interest in this case. Although India is the place of the marriage, the parties are citizens of India, and the first filing for divorce took place in India, it is of greater importance that husband and wife are domiciled and employed in Pennsylvania. Furthermore, they have had these contacts with Pennsylvania for some time. The mere fact that husband first filed for divorce in India bears scant weight under a test focused on the comparative interests of India and Pennsylvania. Also, while husband and wife are still citizens of India, they both hold green cards from the Immigration and Naturalization Service and wife intends to seek U.S. citizenship. Husband and wife's connections with India are heavily weighted towards the past, while their connections with Pennsylvania concern the present and the future. Because Pennsylvania's interest in the divorce is so great, we hold that the trial court did not err in finding that it had jurisdiction to adjudicate the divorce.

¶ 16 Order AFFIRMED.