J-A12018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDEEP BHARADWAJ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DHANSHREE P. TEJALE-BHARADWAJ | |
| Appellant | No. 2147 EDA 2015 |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 14-995

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.          **FILED SEPTEMBER 30, 2016**

Appellant, Dhanshree P. Tejale-Bharadwaj ("Wife"), appeals from the bifurcated order divorcing her from Sandeep Bharadwaj ("Husband"). Wife contends that the trial court did not have jurisdiction to enter the bifurcated order, or, in the alternative, that the trial court erred in not granting reconsideration of the underlying order granting bifurcation. After careful review, we affirm.

Husband and Wife were married in India on October 21, 2004. The parties physically separated on October 21, 2010. In 2014, Husband, living in Delaware County, filed a complaint in no-fault divorce and included a

_____

[*] Former Justice specially assigned to the Superior Court. President Judge Emeritus Stevens did not participate in the consideration or decision of this matter.

count for equitable distribution. Wife filed an answer also seeking a no-fault divorce, as well as asserting fault grounds against Husband. Wife furthermore alleged the existence of "an action for separation … filed in India on October 10, 2013 which remains pending … in which [Wife] sought alimony and child support."

On July 7, 2014, Husband filed an affidavit for no-fault divorce under 23 Pa.C.S.A. § 3301(d). Wife did not file a counter-affidavit. One month later, Husband filed a praecipe to transmit the record. The trial court scheduled a case management conference for December 23, 2014.

Wife did not appear at the scheduled conference, causing it to be rescheduled. Husband subsequently filed a petition for bifurcation alleging that Wife had evidenced an intent to delay the divorce proceedings. Wife did not respond to the petition, and the trial court scheduled a hearing on the petition for April 2, 2015.

On March 30, 2015, Wife's counsel petitioned the trial court to withdraw as counsel. In his petition, counsel asserted that while Wife had retained his services in this matter, she had subsequently refused to sign a fee agreement. Furthermore, he asserted that he had not been able to communicate with Wife and that Wife had appeared to have abandoned this matter.

At the April 2 hearing, counsel testified that he had not heard from Wife since "the early part of the fall[, a]t which time she indicated she was

going to get replacement counsel." N.T., Hearing, 4/2/15, at 3. Counsel further testified that the phone numbers Wife had provided him no longer worked, and that he had had no direct contact with her for several months. *See id*.

The trial court granted counsel's petition to withdraw and proceeded to hold a hearing on Husband's petition to bifurcate. After hearing from Husband and his counsel, the trial court granted the petition to bifurcate. The order was filed on April 8.

Wife filed a *pro se* petition for reconsideration of the bifurcation order. After Husband filed an answer, the trial court denied reconsideration. On June 15, 2015, the trial court entered the bifurcated divorce order from which Wife timely appealed.

On appeal, Wife first contends that the Court of Common Pleas of Delaware County did not have jurisdiction to enter a divorce of an Indian wedding. "It is well-settled that a party may either expressly or impliedly consent to a court's personal jurisdiction." *Wagner v. Wagner*, 768 A.2d 1112 (Pa. 2001). Here, Wife consented to personal jurisdiction of the Court of Common Pleas of Delaware County when she filed an answer to Husband's complaint in which she requested relief in the form of a no-fault or fault divorce.

Wife seeks to cast her argument as a challenge to subject matter jurisdiction. However, the courts of common pleas have subject matter

jurisdiction over divorce proceedings so long as one party to the marriage has resided in Pennsylvania for the six months prior to the filing of the complaint. *See Sinha v. Sinha*, 834 A.2d 600, 603 (Pa. Super. 2003); 23 Pa.C.S.A. § 3104(b). Wife therefore attempts to re-cast her argument as one based upon comity with India. However, as the trial court notes, there is no evidence of record to support a finding that a divorce proceeding has been initiated in India. In fact, Wife has not even pled the existence of such a proceeding; she has merely pled that a support proceeding was commenced against Husband in India. Under these circumstances we conclude that the trial court properly exercised jurisdiction over the complaint filed by Husband.

Wife next argues that the trial court erred in granting the petition to bifurcate *in absentia*. She contends that she was prejudiced by the entry of the order without an opportunity to object to or demand conditions precedent to the entry of a bifurcated divorce. Wife highlights the trial court's admittedly troubling failure to abide by local and state rules of procedure regarding notice and time to respond to the petition to withdraw. However, she does not identify, even in argument, any particular prejudice, outside of vague categories of possible prejudice, that she suffered from bifurcation. As for the content of any allegedly beneficial condition precedent, we are left to our own imagination. As such, we cannot conclude that the trial court erred in granting the petition to bifurcate.

We also note that Husband alleged in his petition to bifurcate that Wife may have been engaged in dilatory conduct in this matter. ***See*** Petition for Bifurcation, filed 2/4/15, at ¶¶ 12-34. Combined with Wife's counsel's testimony that he had had no communication with her for approximately six months, ***see*** N.T., Hearing, 4/2/15, at 3-4, the trial court was presented with a possible abuse of the system. As such, it was entitled to impose severe sanctions to gain control over the case. ***See Hein v. Hein***, 717 A.2d 1053, 1056 (Pa. Super. 1998).

We again highlight the fact that Wife has not identified with any particularity the prejudice she has suffered. In any event, the fact that Wife has possibly suffered prejudice due to her own failure to participate in the litigation is not an error that can be laid at the foot of the trial court. Due process does not require the mollification of parties who engage in obdurate or dilatory conduct. At this time, Wife still has the ability to protect any of her economic interests by participating in the bifurcated equitable distribution proceedings in a timely manner. There is no indication that either party is in ill health, or that marital property is in danger of being repossessed. Wife's second issue on appeal therefore merits no relief.

In her third and fourth arguments, Wife contends that the trial court erred in entering the bifurcation order without providing for conditions precedent such as preservation of "medical benefits, survivor and/or annuity benefits in certain retirement funds, and failed to shield marital property

from any potential judgment creditors." Appellant's Brief, at 17. Once again, we note that Wife has not specifically identified the existence of any problem that she would have required protection from in the bifurcation order. There is no indication of a lack of health care coverage, nor is there any indication of actions taken by creditors that threaten marital property. Furthermore, as noted previously, there is no indication of ill-health on the part of either Husband or Wife. At this point, the greatest danger posed to Wife's interests in such assets or entitlements flows from Wife's dilatory conduct in this proceeding. If she proceeds diligently in equitable distribution, it is unlikely she will suffer any negative consequences. And, as noted previously, any such negative consequences are the result of Wife's failure to maintain any participation with this action. Wife is thus due no relief on her third and fourth issues.

In her final issue, Wife contends that the trial court erred in not granting her petition for reconsideration of the bifurcation order. However, we have already concluded that the trial court was empowered to maintain control over the proceedings in the face of dilatory conduct by a party. Here, the trial court found that

> [Wife] had told her now prior counsel, ... six (6) months before the April 2, 2015 hearing date that she was retaining new counsel, but failed to do so within half a year's time. [Wife] refused to communicate with her prior counsel, failed to file a responsive pleading and has a history of simply failing to show up at court proceedings without so much as notifying the [t]rial [c]ourt or opposing counsel beforehand. In essence, [Wife] treats pleading responses as "optional" and scheduled court

J-A12018-16

dates as "dress rehearsals," thus wasting precious judicial resources and erroneously concluding that new dates and second chan[c]es will be given as of right.

Trial court opinion, 8/28/15, at 9.

The trial court's findings are supported by the record, and thus the trial court's decision to not reward Wife's dilatory behavior was reasonable. Wife has no one to blame but herself for any negative consequences flowing from her conduct. We cannot hold as a matter of law that Wife was entitled to reconsideration of the bifurcation order, and therefore Wife's final issue merits no relief.

Order affirmed. Jurisdiction relinquished.

President Judge Emeritus Bender joins the memorandum.

President Judge Emeritus Stevens did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016

- 7 -