J-A11009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TAHIRA AFTAB | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| AFTAB MAHMOOD | : | |
| | : | |
| Appellant | : | |
| | : | No. 1179 MDA 2025 |

Appeal from the Order Entered May 28, 2025
In the Court of Common Pleas of Montour County Civil Division at No(s):
323-2024

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JUNE 5, 2026**

Aftab Mahmood ("Husband") appeals by permission of this Court the interlocutory order entered on May 28, 2025, by the Montour County Court of Common Pleas ("trial court"), which overruled his preliminary objections challenging the trial court's jurisdiction to rule upon the complaint in divorce filed against him by Tahira Aftab ("Wife"). After careful review, we affirm in part, vacate in part, and remand with instructions.

### Facts and Procedural History

We glean the following from the trial court's findings of fact and the certified record. Husband and Wife married in Pakistan on February 15, 1999, and have four children, two of whom are minors. Trial Court Opinion, Findings of Fact, 10/14/2025, ¶¶ 3, 5, 6. The parties and their children resided in California from 1999 until June 2024. *Id.*, ¶¶ 4, 12. On June 12, 2024, Wife

and the parties' two adult children traveled to Danville, Pennsylvania to visit Wife's brother. *Id.*, ¶ 5. The next day, June 13, 2024, Husband and the parties' two minor children moved to Frisco, Texas for Husband's employment. *Id.*, ¶ 6. Wife remains in Pennsylvania and Husband and the minor children remain in Texas. *Id.*, ¶ 1-2. The minor children began attending school in Texas in August 2024. *Id.*, ¶ 8.

While the parties were living in California, Wife and the minor children made two extended trips to Pennsylvania to visit Wife's brother, the first in 2019 for four weeks and the second in 2023 for seven weeks. *Id.*, ¶ 7. Husband and the minor children have never lived in Pennsylvania and Wife has never lived in Texas. *Id.*, ¶¶ 9-10. The minor children have not visited Wife in Pennsylvania since they moved to Texas in June 2024. *Id.*, ¶ 11.

On November 14, 2024, Wife filed a complaint in divorce in the trial court, raising counts for custody and equitable distribution of marital property. Wife effectuated service of the complaint upon Husband in Texas on January 22, 2025. Husband retained counsel who, on February 5, 2025, filed a limited appearance in Pennsylvania to object to jurisdiction and filed preliminary objections averring, among other things, that the trial court lacked subject matter jurisdiction of the action and personal jurisdiction over Husband.

On February 13, 2025, Husband filed a complaint for divorce and custody in Collin County, Texas. On February 24, 2025, Wife filed an amended complaint in the trial court, raising the same counts as in her original

complaint. On March 12, 2025, Husband filed preliminary objections to the amended complaint, again raising challenges to the trial court's jurisdiction.

On March 24, 2025, Wife filed in the trial court a complaint for alimony pendente lite ("APL") at docket number DR-00062-25.[1] On March 31, 2025, Husband filed preliminary objections to Wife's complaint for APL, also raising jurisdictional challenges.

Following an in-chambers conference, the trial court entered an order on May 28, 2025, overruling Husband's preliminary objections and holding that it had jurisdiction over the pending divorce, equitable distribution, custody, and APL actions.

Husband first sought to appeal the May 28, 2025 interlocutory order as of right pursuant to Rule 311(b)(2) of the Pennsylvania Rules of Appellate Procedure.[2] He filed a motion for reconsideration/clarification of the order

---

[1] The Pennsylvania Rules of Civil Procedure require claims for APL to be raised in the domestic relations section by filing a separate complaint. Pa.Rs.Civ.P. 1920.31(a)(2), 1910.4.

[2] Section 311(b)(2) provides:

> **(b) Order Sustaining Venue or Personal or In Rem Jurisdiction.** An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:
>
> *   *   *
>
> (2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

*(Footnote Continued Next Page)*

ruling on his jurisdictional claims and requested the trial court certify that "a substantial issue of venue or jurisdiction is presented" under Rule 311(b)(2). The trial court did not grant reconsideration or amend the order to include the requested language.

As a result, Husband next sought permission to file a discretionary appeal. In a second motion for reconsideration/clarification, he requested that issue a section 702(b) certification.[3] When the trial court did not grant reconsideration or amend its order to include the requested certification, Husband filed in this Court a petition for permission to appeal under Rules 312

_____

Pa.R.A.P. 311(b)(2).

[3] Section 702(b) states:

> **(b) Interlocutory appeals by permission.--**When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

and 1311 of our Rules of Appellate Procedure.[4]  On August 29, 2025, this Court granted Husband's petition, permitting the instant appeal to proceed.[5]

On September 9, 2025, this Court designated this matter as a Children's Fast Track ("CFT") appeal pursuant to Rule 102 of our Rules of Appellate Procedure.  ***See*** Pa.R.A.P. 102 (defining a CFT appeal as "[a]ny appeal from an order involving dependency, termination of parental rights, adoptions, custody, paternity, or delinquency, except out-of-home placements under Pa.R.A.P. 1612").  This Court directed Husband to file his concise statement of errors complained of on appeal ("concise statement") within ten days of our order.  Husband complied, filing it the next day.[6]

---

[4] Rule 312 provides that "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)."  Pa.R.A.P. 312.  Rule 1311 sets forth the circumstances under which an appeal may be taken by permission from an interlocutory order, which includes an order for which certification pursuant to 42 Pa.C.S. § 702(b) was denied.  Pa.R.A.P. 1311(a).

[5] Meanwhile, the trial court appointed a custody conference officer, who held a conciliation conference and recommended primary custody of the children be given to Wife during the school year and to Husband during summer recess.  In a July 18, 2025 order, the trial court adopted the officer's recommendations.  Further, according to the parties, the trial court ordered Husband to pay $3,894.41 per month following a conference on Wife's complaint for APL.  Because of Husband's jurisdictional claims, he did not attend either conference.  Husband filed in the trial court a motion for stay/supersedeas pending appeal, which the trial court granted on October 16, 2025.

[6] In CFT appeals, Rule 1925(a)(2)(i) of our Rules of Appellate Procedure requires the concise statement to be filed and served with the notice of appeal, but we may overlook this defect.  Pa.R.A.P. 1925(a)(2)(i); ***In re K.T.E.L.***, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a concise
*(Footnote Continued Next Page)*

Husband presents two questions for our review:

I.     Did the trial court err as a matter of law and misconstrue the [Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S. § 5401-5482,] in finding, without first consulting the Texas court as required by the UCCJEA, that Pennsylvania has subject matter jurisdiction to address custody under the UCCJEA where Texas is the home state of the children; where, at the time the trial court entered its order, Texas, the home state, had not declined jurisdiction; and where Pennsylvania does not have a significant connection to the case as the children have never resided in Pennsylvania and there is no evidence available within Pennsylvania as to the children's care, protection, training, and personal relationships?

II.    Did the trial court err as a matter of law and misconstrue the law in finding Pennsylvania has personal jurisdiction over Husband to address the economic claims of equitable distribution and alimony pendente lite where the record confirms an absence of minimum contacts between Husband and Pennsylvania insofar as Husband is a resident of Texas; he has never traveled to Pennsylvania, let alone reside here; he was not served original process within Pennsylvania; he does not consent to Pennsylvania exercising personal jurisdiction over him; and where procedural due process under both federal and state law requires there be minimum contacts between the defendant and the forum in order to exercise personal jurisdiction?

Husband's Brief at 5 (answers and unnecessary capitalization omitted).

_____

statement contemporaneously with a CFT appeal is considered a defective notice of appeal to be disposed of on a case-by-case basis and declining to quash or dismiss the appeal where the rule's purpose is to expedite the disposition of CFT appeals and the other parties were not prejudiced from the three-day late filing).  Assuming, without deciding, that the rule applies to a petition for permission to appeal, we decline to quash or dismiss Husband's appeal on this basis as he filed the concise statement one day after being ordered to do so and there is no claim of prejudice.

"This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion." ***Gaboury v. Gaboury***, 988 A.2d 672, 675 (Pa. Super. 2009) (brackets, quotation marks, and citation omitted).

## Subject Matter Jurisdiction

"Our standard of review over whether a court possesses subject matter jurisdiction is a question of law, which we review de novo with a plenary scope, whereas review of a court's decision of whether or not to exercise jurisdiction is for an abuse of discretion." ***Omalley v. Isquierdo***, 345 A.3d 321, 325 (Pa. Super. 2025) (citations omitted). Subject matter jurisdiction "goes to the competence of the court to render a judgment and whose absence is fatal at any stage of proceedings." ***Weliver v. Ortiz***, 291 A.3d 427, 433 (Pa. Super. 2023) (citation omitted).

### Divorce

Husband argues the trial court lacked subject matter jurisdiction over Wife's original divorce complaint because Wife did not satisfy the requisite six-month residency requirement set forth in section 3104(b) of the Pennsylvania Divorce Code and Rule 1920.12(a)(4) of the Pennsylvania Rules of Civil Procedure at the time of filing. Husband's Brief at 17, 22-26. He contends

that the trial court has jurisdiction only over Wife's amended divorce complaint and it must be considered the original pleading.[7] *Id.*

"Jurisdiction over a divorce is a function of the domicile of the individuals involved in the divorce." *Sinha v. Sinha*, 834 A.2d 600, 603 (Pa. Super. 2003). Section 3104(b) of the Pennsylvania Divorce Code requires one of the parties to a divorce action to be a bona fide resident of Pennsylvania for at least six months immediately prior to the commencement of the action. 23 Pa.C.S. § 3104(b); *see also* Pa.R.Civ.P. 1920.12(a)(4) (stating a divorce complaint shall set forth "an averment that the plaintiff, defendant or both have resided in the Commonwealth for at least six months immediately previous to the commencement of the action"). "Bona fide residence means domicile; i.e., actual residence coupled with the intention to remain there permanently or indefinitely." *Sinha*, 834 A.2d at 603 (quotation marks and citation omitted). "[D]omiciliary intent is inferred from the residency." *Gaboury*, 988 A.2d at 675. Further, where a marriage takes place outside of Pennsylvania, it does not obviate the trial court's jurisdiction over the divorce.

_____

[7] Wife argues that Husband waived the issue of the trial court's subject matter jurisdiction over her amended divorce complaint. Wife's Brief at 2, 4-5. It appears Wife misconstrues Husband's argument, as Husband does not challenge the trial court's jurisdiction over the amended complaint and in fact, concedes it. *See* Husband's Reply Brief at 1-3; Husband's Brief at 17, 22-26. In any event, we note that a challenge to a court's subject matter jurisdiction is not waivable: "It is well[]settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court sua sponte." *Omalley*, 345 A.3d at 325 (brackets, quotation marks, and citation omitted).

23 Pa.C.S. § 3104(c) ("The court has authority to entertain an action under this part notwithstanding the fact that the marriage of the parties and the cause for divorce occurred outside of this Commonwealth and that both parties were at the time of the occurrence domiciled outside this Commonwealth.").

In its opinion, the trial court did not address its jurisdiction over the divorce action. In its factual findings, it found that Wife lived in California until June 12, 2024, when she traveled to Pennsylvania, which is where she continues to reside. Trial Court Opinion, Findings of Fact, 10/14/2025, ¶¶ 1, 4-5; *see also* Trial Court Opinion, Conclusions of Law, 10/14/2025, ¶ 4. Wife filed her original divorce complaint on November 14, 2024, which was approximately five months after she traveled to Pennsylvania. Therefore, at the time of that filing, Wife had not been a resident in Pennsylvania for the six months immediately preceding her filing and the trial court did not have jurisdiction over her original complaint. *See* 23 Pa.C.S. § 3104(b); Pa.R.Civ.P. 1920.12(a)(4); *Sinha*, 834 A.2d at 603; *Gaboury*, 988 A.2d at 675. However, when Wife filed her amended complaint on February 24, 2025, she had been living in Pennsylvania for over eight months. She therefore satisfied the six-month residency requirement, and the trial court has jurisdiction over her amended divorce complaint. *Id.* Further, it has jurisdiction over the amended divorce complaint even though the parties married in Pakistan. 23 Pa.C.S. § 3104(c); *see also Sinha*, 834 A.2d at 603

(determining that the trial court did not err in finding it had jurisdiction to adjudicate a divorce where the parties were married in India).

As a result, Husband asks us to deem the filing date of the amended divorce complaint as the operative date this divorce action commenced.[8] Husband's Brief at 24-26. He notes that Wife filed her amended complaint in response to his preliminary objections, which included his objection to subject matter jurisdiction based on her failure to satisfy the residency requirement, and in doing so, rendered his original preliminary objections moot. *Id.* at 24 (citing Pa.R.Civ.P. 1028(c)(1) ("A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.")). He contends that because the trial court has jurisdiction over the amended complaint but not the original complaint, the original complaint is null and void, the amended complaint supersedes the original complaint, and the amended complaint is to be considered the original pleading. *Id.* at 23-24 (citing *Grimm v. Grimm*, 49 A.3d 77 (Pa. Super. 2016); *Avery v. Cercone*, 225 A.3d 873 (Pa. Super. 2019)). Thus, Husband argues that the instant action commenced when Wife filed her amended divorce complaint on February 24, 2025. *Id.* at 24-25

---

[8] As discussed infra, the commencement date of Wife's divorce action is pertinent to her custody claim under the UCCJEA.

(citing 23 Pa.C.S. § 5402 (defining commencement as "[t]he filing of the first pleading in a proceeding")).

Wife does not dispute that she had not lived in Pennsylvania for six months before she filed her original divorce action. *See* Wife's Brief at 1 (stipulating to Husband's statement of the case but noting she pleaded in both complaints she was a resident of Pennsylvania for six months before their filings). Instead, she contends that "it matters not whether Pennsylvania had subject matter jurisdiction for the divorce because the custody count [set forth in the original divorce complaint] initiated a distinct proceeding in its own right, independent of the divorce."[9] *Id.* at 7.

Preliminarily, we do not find Wife's argument availing. She chose to raise her custody claim within her original divorce complaint instead of as an independent action and she has not pointed us to any authority which would permit the custody count brought within a jurisdictionally defective divorce complaint to transform into its own separate, surviving action.

Although the trial court should have dismissed Wife's original complaint based on Wife's failure to meet the six-month residency requirement, it would be regrettable for the trial court's failure to do so to result in wasted time, expense, and possible upheaval in the lives of the parties and minor children.

---

[9] A custody claim may be raised within a divorce complaint or as a standalone verified complaint. 23 Pa.C.S. § 3104(a)(2); Pa.Rs.Civ.P. 1915.3(a), (c), 1920.13(b).

- 11 -

In the interest of judicial economy and particularly light of this matter's CFT status, we decline to elevate form over substance and instead treat Wife's amended complaint as a separately filed complaint. *See Turner v. Estate of Baird*, 270 A.3d 556, 560 (Pa. Super. 2022) (stating it is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void") (quotation marks and citations omitted); *Avery*, 225 A.3d at 882 ("[i]t is settled law in this Commonwealth that the filing of an amended complaint has the effect of eliminating the prior complaint") (quotation marks, emphasis, and citations omitted). Accordingly, we deem February 24, 2025, the date Wife commenced her action in divorce.

Custody

Husband next argues that the trial court erred in determining that it has subject matter jurisdiction over the custody count pursuant to the UCCJEA. *Id.* at 17-22, 26-34. He contends that because Wife filed her amended complaint after Husband filed his custody action in Texas, the trial court was required under section 5426 of the UCCJEA to consult the Texas court before proceeding, but failed to do so. *Id.* at 17, 32-34. According to Husband, Texas is the prioritized jurisdiction under the UCCJEA because it is the minor children's home state and the trial court was not permitted to exercise jurisdiction unless the Texas court declined jurisdiction and found Pennsylvania to be a more convenient forum. *Id.* at 17-18, 26-32. Husband argues that because the Texas court did not do so, none of the enumerated

bases to vest the trial court with jurisdiction under section 5241 of the UCCJEA apply. *Id.* at 17-18, 32-34.

"[T]he UCCJEA governs the issue of subject matter jurisdiction, requiring us to engage in statutory interpretation as applied to the facts of the instant case." *Omalley*, 345 A.3d at 325. "The interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary." *Id.* (citations and quotation marks omitted).

"The UCCJEA was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004." *J.K. v. W.L.K.*, 102 A.3d 511, 514 n.3 (Pa. Super. 2014). It replaced the Uniform Child Custody Jurisdiction Act ("UCCJA")[10], repealed, and then reenacted many of the UCCJA's provisions. *Id.* The UCCJEA's purposes are to avoid jurisdictional competition and conflict, promote cooperation with the courts of other states, discourage use of the interstate system for continuing child custody controversies, deter abductions of children, avoid relitigating custody decisions of other states, and facilitate enforcement of custody decrees of other states. 23 Pa.C.S. § 5401, Uniform

_____

[10] 23 Pa.C.S. §§ 5341–5366.

- 13 -

Law Comment. Texas adopted the UCCJEA in 1999. *See* Tex. Fam. Code §§ 152.001-152.317.

"The UCCJEA governs subject matter jurisdiction in custody cases." *Weliver*, 291 A.3d at 433. Section 5421 sets forth the circumstances under which a Pennsylvania court has exclusive subject matter jurisdiction to make an initial child custody determination:

> **(a) General rule.—**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> (2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:
>
>> (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and
>>
>> (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;
>
> (3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to

> determine the custody of the child under section 5427 or 5428; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).
>
> **(b) Exclusive jurisdictional basis.**—Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.
>
> **(c) Physical presence and personal jurisdiction unnecessary.**—Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.

23 Pa.C.S. § 5421. The home state is defined as the state in which the child has "lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 5402.

The trial court determined it has subject matter jurisdiction over the custody matter, explaining that the minor children's "significant family connections in Pennsylvania should be determined to be the significant connection needed for Pennsylvania to have jurisdiction."[11] Trial Court Opinion, 10/14/2025, at 6.

_____

[11] Although the trial court cited "23 Pa.C.S. section 5421(3)" of the UCCJEA, it appears that its analysis was under section 5421(a)(2). *See* Pa.C.S. § 5421(a)(2). Further, in its opinion, the trial court set forth law relating to the burden of proof for relocation in custody matters in a section titled "Burden of Proof/Relocation." Trial Court Opinion, 10/14/2025, at 2-3 (citing 23 Pa.C.S. § 5337 (relating to relocation); *Graves v. Graves*, 265 A.3d 688, 698 (Pa. Super. 2011) (stating that each parent shares the burden of proving that an award of custody to that parent serves the child's best interests)). It is
*(Footnote Continued Next Page)*

We turn to assessing whether any of the four bases for subjection matter jurisdiction apply to Wife's custody claim. Subsection (a)(1) is not applicable because the minor children have never lived in Pennsylvania; Pennsylvania therefore cannot be and never was their home state. **See** 23 Pa.C.S. §§ 5421(a)(1), 5402; **see also** Trial Court Opinion, Findings of Fact, 10/14/2025, ¶ 9.

Subsection (a)(2) initially requires that another state not have jurisdiction under subsection (a)(1) (i.e., the child does not have a home state) or that the court of child's home state declined to exercise jurisdiction on one of two grounds: (1) Pennsylvania is the more appropriate forum or (2) a party engaged in unjustifiable conduct. Here, Texas is the minor children's home state because at the time Wife filed her amended complaint on February 24, 2025, the minor children had been living with Husband in Texas for over eight months, since June 13, 2024. In addition, there is no record evidence that Texas declined jurisdiction on either of the two grounds.[12] Therefore,

_____

unclear why the trial court included these citations as the certified record does not contain any notice of proposed relocation under section 5337 and the issues on appeal do not relate to an award of custody but rather the jurisdiction of the trial court.

[12] Wife filed a supplemental reproduced record which contained an August 21, 2025 order in an action between the parties in the District Court, 380th Judicial District of Collin County, Texas, at docket number 380-50896-2025 and titled "Order on UCCJEA Jurisdiction." Supp. R.R., 2/13/2026, at 3 (unpaginated). The order states that, after the district court heard evidence and argument of counsel, it found that "it lacks jurisdiction of the Suit Affecting Parent-Child

*(Footnote Continued Next Page)*

neither prong of the first paragraph of subsection (a)(2) is satisfied here. *See* 23 Pa.C.S. § 5421(a)(2). As the first paragraph of (a)(2) contains prerequisites to the court's consideration of the subparagraphs that follow, the trial court erred in conducting its "significant connection" analysis pursuant to subsection (a)(2)(i).[13] *See id.* § 5421(a)(2)(i).

Similarly, subsection (a)(3) is not applicable because there is no record evidence that a Texas court declined jurisdiction on the ground that Pennsylvania is the more appropriate forum or one of the parties engaged in unjustifiable conduct.[14] *See id.* § 5421(a)(3).

Finally, subsection (a)(4) is inapplicable because another state, i.e., Texas, has jurisdiction to make an initial custody determination under subsection (a)(1) as the minor children's home state. *See id.* § 5421(a)(4).

_____

Relationship." *Id.* This order is not part of the certified record in the instant matter and we do not consider it. Nonetheless, even if it were contained in the certified record, it does not indicate that the Texas court declined jurisdiction because Pennsylvania is the more appropriate forum or one of the parties engaged in unjustifiable conduct. *See* Pa.C.S. § 5421(a)(2). Indeed, the Texas court could have determined that it "lacks jurisdiction" simply because the Pennsylvania court had already exercised jurisdiction.

[13] We note that, even if the "significant connection" analysis of section 5421(a)(2)(i) applied here, the trial court failed address the other prong, i.e., whether there was substantial evidence in Pennsylvania concerning the minor children's care, protection, training, and personal relationships. *See* 23 Pa.C.S. § 5421(a)(2)(ii).

[14] *See* note 11, supra.

- 17 -

In sum, none of the four jurisdictional bases set forth in section 5421(a) confer jurisdiction on the trial court to make an initial custody determination in this matter. Accordingly, the trial court erred in determining it had subject matter jurisdiction over Wife's custody claim.

We next address Husband's argument that the trial court failed to comply with section 5426 of the UCCJEA, which addresses simultaneous custody proceedings filed in different states. The trial court did not discuss section 5426 in its opinion.

Section 5426 provides, in relevant part, as follows:

**(a) General rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter unless the proceeding has been terminated or is stayed by the court of the other state because a court of this Commonwealth is a more convenient forum under section 5427 (relating to inconvenient forum).

**(b) Stay; communication with other court.--**Except as otherwise provided in section 5424, a court of this Commonwealth, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to section 5429 (relating to information to be submitted to court). If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this Commonwealth shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this Commonwealth is a more appropriate forum, the court of this Commonwealth shall dismiss the proceeding.

*Id.* § 5426(a), (b).

In the instant case, Husband filed a custody action in Texas on February 13, 2025; as discussed above, Wife commenced her divorce action raising a custody claim on February 24, 2025. Thus, even assuming the trial court had subject matter jurisdiction under section 5421(a), it was not permitted to exercise jurisdiction over Wife's custody claim because at the time she commenced her action, Husband had already commenced his in Texas. *See id.* § 5426(a). There is no record evidence that the Texas court terminated or stayed Husband's custody action because it found Pennsylvania to be a more convenient forum. *See id.*

Because of the simultaneous proceedings, subsection (b) required the trial court to stay Wife's action and communicate with the Texas court. *See id.* § 5426(b). Nothing in the record suggests that the trial court did so here. Thus, the trial court erred in failing to adhere to the requirements of section 5426(b). Accordingly, we remand for the trial court to communicate with the Texas court.

### Personal Jurisdiction

Husband next argues that the trial court erred in determining it has personal jurisdiction over him to address Wife's economic claims of equitable distribution and APL. Husband's Brief at 18, 35-44. He contends that he, as a nonresident defendant, lacks minimum contacts with Pennsylvania. *Id.* at 18, 36-40. He further argues that none of the conditions for exercising

personal jurisdiction over a nonresident defendant set forth in Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322, have been met and therefore, the statute does not apply to him. *Id.* at 18, 41-44.

"When sustaining a preliminary objection would result in dismissal of an action, the objection should be sustained only in cases which are free from doubt." *Engle v. Engle*, 603 A.2d 654, 657 (Pa. Super. 1992) (citation omitted). "In deciding whether to sustain or deny preliminary objections as to jurisdiction, the court must consider the evidence in the light most favorable to the non-moving party." *Id.* (citation omitted). "When a defendant challenges the [trial] court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence." *Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015) (quotation marks and citation omitted). "The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction." *Id.* (quotation marks and citation omitted). "Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it." *Gaboury*, 988 A.2d at 675 (quotation marks and citations omitted). "Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case." *Id.* (citation omitted).

In a divorce action, a trial court is required to have personal jurisdiction over a defendant to resolve ancillary economic claims. *Id.* at 676. Where a trial court has subject matter jurisdiction over a divorce action, but lacks personal jurisdiction over the defendant to address the economic claims, the inability of the trial court to address the ancillary economic claims results in a "divisible divorce." *Id.* Divisible divorces are recognized in Pennsylvania. *Id.*

"A court may exercise in personam jurisdiction over a nonresident if (1) jurisdiction is conferred by the state long-arm statute; and (2) the exercise of jurisdiction under the statute meets the constitutional standards of due process." *Engle*, 603 A.2d at 657 (citation omitted). "Long-arm jurisdiction over non-residents in divorce actions thus is limited by the due process requirements of the Fourteenth Amendment to the United States Constitution, which demand that the forum state have both personal jurisdiction over the defendant as well as subject matter jurisdiction." *Gaboury*, 988 A.2d at 678 (citations omitted).

> The Pennsylvania Long-Arm Statute, 42 Pa.C.S. § 5322, is basically divided into two sections. Section (a) contains ten subsections, which specify particular types of contact with Pennsylvania which will be deemed sufficient to warrant the exercise of long-arm personal jurisdiction. Section (b) is a catchall provision which authorizes the exercise of personal jurisdiction over persons who do not come within one of the express provisions of the ten subsections of section (a) so long as the minimum requisites of federal constitutional law are met.

*Gaboury*, 988 A.2d at 677 (quotation marks and citation omitted). Pennsylvania's long-arm statute provides, in pertinent part, as follows:

**(a) General rule.--**A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth.

(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as The Insurance Department Act of 1921.

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

(i) Personal representative of a decedent.

(ii) Guardian of a minor or incapacitated person.

(iii) Trustee or other fiduciary.

(iv) Director or officer of a corporation.

(8) Executing any bond of any of the persons specified in paragraph (7).

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

**(b) Exercise of full constitutional power over nonresidents.--**In addition to the provisions of subsection (a) the

jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa.C.S. § 5322(a), (b) (footnote omitted).

"The Due Process Clause of the Fourteenth Amendment to the United States Constitution allows personal jurisdiction over a nonresident defendant where the defendant has certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Engle*, 603 A.2d at 657 (ellipsis, quotation marks, and citations omitted). "The purpose of the minimum-contacts test is to protect a defendant from having to litigate a matter in a distant forum unless his contacts with that forum make it just to force him to defend there." *Gaboury*, 988 A.2d at 679 (quotation marks and citation omitted). "[T]his court must analyze whether [the defendant's] conduct and connection with Pennsylvania are such that he should reasonably anticipate being haled into court here." *Engle*, 603 A.2d at 657 (emphasis, quotation marks, and citation omitted). "It is essential in each case that there be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (brackets, quotation marks, and citations omitted). "Once minimum contacts with the forum state are established, those contacts may be considered in light of other factors to determine whether the exercise of personal jurisdiction

will comport with fair play and substantial justice." *Id.* at 658 (citation omitted). "Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case." *Gaboury*, 988 A.2d at 675.

We therefore consider whether subjecting Husband, as a nonresident, to a suit in Pennsylvania would deprive him of his constitutional right to due process. *See Engle*, 603 A.2d at 657. We find this Court's decision in *Gaboury* instructive. There, the parties met online when they both lived outside of Pennsylvania. *Gaboury*, 988 A.2d at 674. They moved to and married in Pennsylvania. *Id.* Less than two years later, they relocated to Wisconsin for the husband's employment. *Id.* When the couple separated the following year, the wife moved back to Pennsylvania and the husband remained in Wisconsin. *Id.* The wife filed a divorce complaint in Pennsylvania, which included economic claims for equitable distribution and APL. *Id.* at 674-75. The husband filed preliminary objections challenging the trial court's personal jurisdiction over him. *Id.* at 675. The trial court found it had subject matter jurisdiction over the divorce action because the wife satisfied the six-month Pennsylvania residency requirement, but that it did not have personal jurisdiction over the husband to decide the economic claims. *Id.* This Court affirmed, determining that there were insufficient contacts between the nonresident husband and Pennsylvania such that the exercise of personal jurisdiction over him would violate both Pennsylvania's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States

Constitution. *Id.* at 681. It explained that the husband was not served in Pennsylvania, did not consent to the court's jurisdiction over him, the requisite minimum contacts under Pennsylvania's long-arm statute did not exist, Wisconsin was the last marital domicile, the parties did not have children, they did not acquire any real estate in Pennsylvania, any existing marital property was in Wisconsin, and the husband's only contacts with Pennsylvania occurred before the couple relocated to Wisconsin. *Id.* at 679-81. Accordingly, this Court affirmed the trial court's grant of preliminary objections which resulted in the dismissal of the wife's economic claims for lack of personal jurisdiction over the husband. *Id.* at 681.

In the instant matter, the trial court determined in its opinion that Pennsylvania has jurisdiction to rule upon Wife's claim for equitable distribution but did not specify whether it was referring to its subject matter jurisdiction or personal jurisdiction over Husband.[15] Trial Court Opinion, Conclusions of Law, 10/14/2025, ¶ 6. After setting forth the requirement of minimum contacts to exercise personal jurisdiction over a party, the trial court concluded that "Pennsylvania is the most appropriate forum as[] there are more connections to Pennsylvania than Texas." *Id.* at 5-6. The trial court did not address the ten subsections of section 5322(a) or Husband's contacts (or

_____

[15] Although the trial court's May 28, 2025 order determined it had jurisdiction over Wife's claim of APL, the trial court did not address the issue in its opinion at all.

lack thereof) with Pennsylvania. It instead pointed to Wife's prior visits to Pennsylvania and her lack of family in the United States other than her brother who lives in Pennsylvania. *Id.* at 5-6.

The trial court found that Husband has never lived in Pennsylvania and was served with Wife's divorce complaint in Texas. Trial Court Opinion, Findings of Fact, 10/14/2025, ¶¶ 9, 14. It further found that California was the last marital domicile and the minor children have never lived in Pennsylvania and have not traveled here since 2023, which was before the parties separated. *Id.*, ¶¶ 4, 7, 9. Husband objects, and has not consented, to the trial court's exercise of personal jurisdiction over him. *Id.*, ¶ 15. The record is devoid of any evidence the parties acquired any real estate in Pennsylvania or that Husband has any marital property located in Pennsylvania, nor does Wife make any such claim.[16]

---

[16] The trial court held an in-chambers conference on Husband's preliminary objections challenging the trial court's jurisdiction on April 3, 2025, which was not recorded. *See* Order of Court Re: Preliminary Objections, 3/19/2025; *see also* Husband's Brief at 8; Wife's Brief at 1. Wife argues in her brief that Husband has not presented any evidence to establish his contacts, or lack thereof, with Pennsylvania. *See* Wife's Brief at 13-14. As such, she argues Husband failed to meet his burden in challenging personal jurisdiction and that the trial court thus correctly overruled his preliminary objection to personal jurisdiction. *Id.* at 14. Alternatively, Wife argues that this Court should remand the matter to the trial court to conduct an evidentiary hearing on this issue. *Id.*

A preliminary objection challenging jurisdiction cannot be determined by facts of record and ordinarily, the court must consider evidence by depositions or otherwise. Pa.R.Civ.P. 1028(c) & Note. Here, however, the parties agree

*(Footnote Continued Next Page)*

We conclude that the question of the trial court's personal jurisdiction over Husband is free from doubt. *See **Engle***, 603 A.2d at 657. A review of the record plainly shows that none of the ten types of contact with Pennsylvania set forth in section 5322(a) apply here. Further, Husband has no contacts with Pennsylvania beyond Wife and his adult children traveling there in June 2024; this, as well as the other two trips Wife took to Pennsylvania with the minor children years before did not include Husband. This is insufficient to establish contact with Pennsylvania such that Husband could reasonably anticipate being brought into court here. *See **id.*** at 658. Therefore, subjecting Husband to Wife's equitable distribution and APL claims in Pennsylvania would offend both procedural due process and Pennsylvania's long-arm statute. *See **Gaboury***, 988 A.2d at 681. Because the trial court lacked personal jurisdiction over Husband as to Wife's economic claims, the trial court erred in overruling his preliminary objection on that basis. We note, however, that even though the trial court lacks personal jurisdiction over Husband to address Wife's economic claims, it may address Wife's divorce action as a "divisible divorce" because, as we determined above, the trial court has subject matter jurisdiction over the divorce. *See **Gaboury***, 988 A.2d at 676.

_____

on Husband's lack of contact with Pennsylvania, as described above. ***See*** Husband's Brief at 6-16 (Statement of the Case); Wife's Brief at 1 (stipulating to Husband's Statement of the Case with three exceptions and additions not relevant here). As such, we need not remand for an evidentiary hearing.

Accordingly, we reverse and vacate the portion of the May 28, 2025 order that determined the trial court has personal jurisdiction over Husband to decide Wife's economic claims and remand to the trial court to dismiss those claims.

## Conclusion

For the foregoing reasons, we affirm the portion of the order that determined that the trial court has subject matter jurisdiction over Wife's divorce action, commenced on February 24, 2025; reverse and vacate the portion of the order that determined the trial court has subject matter jurisdiction over Wife's custody claim and personal jurisdiction over Husband to decide Wife's economic claims; dismiss count two (marital property) of the amended divorce complaint; dismiss the APL complaint at docket number DR-00062-25; and remand for the trial court to communicate with the Texas court where Husband filed his custody action in accordance with 23 Pa.C.S. § 5426.

Order affirmed in part, vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/05/2026